### Sumner v. Fuqua.

(Decided November 29, 1918.)

## Appeal from Trigg Circuit Court.

1. Frauds, Statute of—Contracts Not to be Performed Within a Year. —A contract of hire for a longer term than a year, not in writing, is not enforceable under section 470, subsection 7, requiring such contracts to be in writing  and  signed by the party to be charged.
2. Frauds, Statute of—Effect of Allegation of Deceit in Failing to Sign.—In an action to recover damages for the breach of a contract of hire for a longer term than one year, not signed by the parties, an allegation in the petition that the omission of the defendant to sign the contract was done with the fraudulent intent to cheat, hinder and deceive plaintiff, added nothing to the rights of plaintiff.

MAX M. HANBERRY for appellant.

G. P. THOMAS and KELLY V. KING for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, C. R. Sumner, brought this suit against T. H. Fuqua to recover damages for the breach of a contract of employment. A demurrer was sustained to the petition and the petition dismissed. Sumner appeals.

The action is predicated on an alleged written contract, by which the defendant, on April 14, 1914, employed plaintiff to work for him as a funeral director during the balance of the year 1914, and for three years thereafter, at a salary of $20.00 per month. While the petition charges that the contract was written by the defendant and delivered to plaintiff, it admits that the contract was not signed by the defendant and alleges that his omission to do so was done with the fraudulent intent to cheat, hinder and deceive plaintiff. The petition further charges that plaintiff entered upon his employment

and continued to work for defendant until January 1, 1915, when he was discharged without cause.

Our statute provides that no action shall be brought to charge any person upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith or by his authorized agent. Kentucky Statutes, section 470, subsection 7. The statute applies to contracts which cannot be performed by either party within a year and includes contracts of hire for more than a year. Garnes v. Frazier & Foster, 118 S. W. 998. Here the petition admits that the contract was for a longer term than one year and was not in writing. That being true, the contract was within the statute and the attempted plea of fraud and deceit added nothing to the rights of plaintiff. Hence, the petition was bad on demurrer and the court did not err in dismissing the petition. Garnes v. Frazier & Foster, *supra*.

Judgment affirmed.