## Gregory, et al. v. Harlan Home Coal Company, et al.

(Decided December 13, 1918.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—Failure of Record to Show Demurrer Was Passed On.—Where the record on an appeal fails to show that a special demurrer filed to the petition in the court below was passed on by that court, the Court of Appeals will be relieved of the necessity of considering any question of law or practice that might have been raised by it.

2. Frauds, Statute of—Consideration.—A contract which was not reduced to writing and the performance of which was not to be completed within a year, though based upon a sufficient consideration, was within the statute of frauds and, therefore, not enforceable. But where the undertaking or obligation attempted to be imposed by it upon one of the parties for the benefit of the other was, with the assent of both, assumed by a third party, who for a sufficient consideration agreed to carry it out according to the terms of the contract, and this assumption and undertaking of the third party was set forth in a writing duly executed, such undertaking was not within the statute of frauds and its violation by the third party made the latter liable to the party to be benefited for the damages resulting therefrom.

3. Parties—Party in Interest.—It is the accepted doctrine in this jurisdiction that a person for whose benefit a contract is made may sue on it in his own name. If the person for whose benefit the contract is made has either a legal or equitable interest in

the performance of the contract, he need not necessarily be privy to the consideration.

ROSE & HUFF and J. A. EVERSOLE for appellants.

HALL & JONES and D. B. CORNETT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming in part and reversing in part.

In this action, brought by the appellants, A. M. Gregory and J. M. Gregory, the recovery of damages was sought against the appellees, Harlan Home Coal Company, Republic Coal Company, both incorporated, A. B. Cornett and D. B. Cornett, because of their alleged violation of a contract made with appellants by the appellees, Harlan Home Coal Company, A. B. and D. B. Cornett, which by virtue of a contract subsequently made between them and the appellee, Republic Coal Company, the latter agreed and undertook to perform but did not perform. The appellees jointly and severally filed a special and general demurrer to the petition. As the circuit court did not rule upon the special demurrer, we must treat it as having been waived by appellees, which relieves us of the necessity of considering any question of law or practice that might have been raised by it. The court did, however, pass on and sustain the general demurrer, and, as appellants declined to plead further, dismissed the petition and threw them in the costs. From the judgment manifesting these rulings the latter have appealed.

It will be seen from what has been said that the only question presented for decision by the appeal is—Does the petition state a cause of action? It appears from its allegations that prior to and during the month of December, 1914, the appellee, Harlan Home Coal Company, was engaged in the business of mining and selling coal at or near the town of Harlan, in Harlan county; that the capital stock of the corporation was then $10,000.00, divided into shares of the par value of $100.00 each, one-half of which was jointly owned by the appellants and the other half jontly owned by the appellees, A. B. and D. B. Cornett; and that in December, 1914, appellants sold and transferred all their stock in the Harlan Home Coal Company to the appellees, A. B. and D. B. Cornett, who thereby became the owners of its entire capital stock. It is further, in substance, alleged in the petition that by

the terms of the contract by which appellants sold their stock in the Harlan Home Coal Company to the appellees, A. B. and D. B. Cornett, the latter were to pay and did pay appellants for the stock on the day of sale and within the succeeding eight months $6,000.00; and as an additional consideration for the stock they and the Harlan Home Coal Company agreed that appellants should have the exclusive right to handle, sell and deliver from the Harlan Home Coal Company's mine bins for a term of ten years all 2x4 egg coal and all lump coal required for local consumption in the town of Harlan, by paying for the egg coal $1.25 per ton and for the lump coal $1.50 per ton. It is also alleged in the petition that the contract as to the sale of appellants' stock to the appellees, A. B. and D. B. Cornett, was caused by them to be put in writing, which writing contained the agreement last mentioned, as well as all other terms of the contract of sale; but it is admitted by the petition that this writing was never signed by the parties to the contract. It is also alleged in the petition that on the day appellants sold their stock in the Harlan Home Coal Company to the Cornetts, the company through the instrumentality of the Cornetts, its only stockholders, by a contract in writing, signed by the parties and duly acknowledged and recorded, leased its coal mines and mineral rights at Harlan to the appellee, Republic Coal Company, for a term of ten years; and that the latter company has since been continuously in possession of and operating the Harlan mines under this lease, which also contains the agreement made with appellants by the Cornetts and Harlan Home Coal Company at the time of purchasing their stock in the Harlan Home Coal Company, giving them the right to handle and sell for local consumption in Harlan all egg and lump coal from Harlan mine bins. This agreement is set forth in clause fifteen of the written lease from the Harlan Home Coal Company and the Cornetts to the Republic Coal Company.

According to other allegations of the petition, immediately after the sale to the Cornetts of their stock in the Harlan Home Coal Company and the leasing by the latter of its coal mines to the Republic Coal Company, appellants began to handle, sell and deliver to the inhabitants of Harlan all 2x4 egg coal and lump coal placed by the Republic Coal Company in its Harlan Mine bins,

and diligently continued to do so until April 1, 1916, all the while paying the Republic Coal Company for the coal obtained from the mine bins the prices fixed by clause fifteen of the latter's lease contract; but that the Republic Coal Company on April 1, 1916, wrongfully, and in violation of the provisions of that clause of the contract, refused to permit appellants to longer handle or sell the egg and lump coal from its coal bin at the Harlan Mines to the people of Harlan, and allowed others to do so who are still engaged in that work to the utter exclusion of appellants. The damages claimed to have been sustained by the appellants from the alleged breach of its contract by the Republic Coal Company are laid in the petition at $31,200.00, and resulted, as averred, from the loss of the profits appellants would have made during the ten year term of that company's lease, on the egg and lump coal they could and would have sold in the town of Harlan from the mine bins; and also from the loss of the profits they would have made in their mercantile business during the life of the lease, by sales of supplies from their store to men employed by them to haul and deliver the coal from the Harlan mine bins to the inhabitants of that town. The petition set forth with great particularity the number of tons of coal appellants could and would have delivered in Harlan each day during the life of the lease and the average profit they would have made per ton; also what profits they would probably have realized on the merchandise with which they would have paid for the labor of delivering the coal; and also alleges the ability and willingness of appellants to perform their part of the contract, as well as the diligence with which it had been performed by them from the beginning and was being performed by them when their work was interrupted and stopped by the Republic Coal Company because of the increase in the price of coal and its desire to avail itself of the greater prices then to be obtained for the coal placed in its mine bins for sale to the inhabitants of Harlan.

We are clearly of opinion that the petition does not state a cause of action against the appellees, A. B. and D. B. Cornett, or the appellee, Harlan Home Coal Company. Although it sufficiently alleges the making of the contract between these appellees and the appellants, whereby the latter were to have the exclusive privilege

of handling and selling in the town of Harlan all the egg and lump coal from the Harlan mine bins, as the contract was to continue for a term of ten years, and was, therefore, a contract not to be performed within a year, and was not evidenced by a writing signed by the parties to be charged, it was plainly within the statute of frauds and unenforcible. Ky. Statutes, section 470, subsection 7. It is true the petition alleges that the contract was reduced to writing, but therein admitted that it was not signed by the parties because of the representations of the Cornetts that the Harlan mine property was to be immediately leased for a term of ten years to the appellee, Republic Coal Company, and that the lease contract to that company would contain the contract that the Cornetts and Harlan Home Coal Company had made with appellants, and that the contract would thereby be assumed and carried out by the Republic Coal Company; but neither this representation nor the fact that it was fulfilled by embracing the contract in question in the lease to the latter company, executed on the same day, took the contract, as between apellants and the Cornetts and Harlan Home Coal Company, out of the statute of frauds. So it is not material that it was the intention of the Cornetts or Harlan Home Coal Company to make the contract obligatory on them, or that appellants so understood it. The fact that the contract was not in writing and that it was not to be performed within a year made it obnoxious to the statute, *supra*. Sumner v. Fuqua, 182 Ky. 266. In Garnes v. Frazier & Foster, 118 S. W. Rep. 998, considering this question we said:

"The fact that one party to an oral contract, unenforcible under the statute of frauds, promised the other to reduce the contract to writing, and did not do so, would not change the rights of the parties."

It follows from what has been said that the general demurrer to the petition was properly sustained as to the appellees, Harlan Home Coal Company and the Cornetts. However, we are further clearly of the opinion that the demurrer should have been overruled as to the appellee, Republic Coal Company, for the facts alleged in the petition as entitling appellants to the recovery of damages against it state a cause of action, as they show that company's assumption in writing of the contract made with appellants by the Harlan Home Coal Company and the

Cornetts whereby they obtained the privilege of selling at Harlan the coal from the Harlan mine bins, which privilege constituted, in fact, the consideration in part for the sale to the Cornetts of their stock in the Harlan Home Coal Company. It is the accepted doctrine in this jurisdiction that a person for whose benefit a contract is made may sue on it in his own name. It is true there are some exceptions to this rule, but as none of these exceptions exist in this case consideration of them is deemed unnecessary. Matheny v. Chester, 141 Ky. 790; Winn v. Schenck, etc., 33 R. 615; L. & N. R. R. Co. v. Schmidt, 112 Ky. 717; Smith v. Smith, 5 Bush 625; Allen v. Thomas, 3 Met. 178; Madison First National Bank v. Schussler, 8 R. 516. In 9 Cyc. 380, the doctrine is thus stated: ''In many of the cases the doctrine is stated broadly that a person may maintain an action on a promise made for his benefit, although not a party to the contract; but this statement of the doctrine is too broad. By the weight of authority the action cannot be maintained merely because the third person will be immediately benefited by performance of the contract; but he must be a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance. If the person for whose benefit the contract is made has either a legal or equitable interest in the performance of the contract, he need not necessarily be privy to the consideration.''

Under the allegations of the petition in the instant case the appellants appear to have had a direct interest in the lease made of the Harlan coal mine property to the appellee, Republic Coal Company, for they had parted with their stock in the corporation owning the leased premises in consideration of money paid them and the agreement of the corporation and its only stockholders that they should have the exclusive privilege during the life of the lease to the Republic Coal Company of handling and selling in a given locality all the egg and lump coal furnished by the Harlan mines for use in that locality, which agreement was embodied in the writing whereby the Republic Coal Company leased the Harlan mine and was assumed and agreed to be carried out by that company as a part of the consideration for the leasing of the mine to it. Therefore, the case is one in which

there is an obligation owing from the Republic Coal Company to the appellants, which is imposed upon it by the provisions of the lease under which it acquired possession of the leased premises and the right to operate the Harlan mines.

As the case will doubtless be tried following its return to the circuit court, we think it proper to say that notwithstanding our conclusion that the petition states a cause of action in appellants' behalf against the appellee, Republic Coal Company, we are of opinion that the damages claimed therein by appellants for loss of profits on the merchandise they might have sold from their store to the employees hired by them to deliver coal in Harlan, are not recoverable. Such damages are remote and speculative and obviously not of the character the parties at the time of the making of the contract could have contemplated would result to the appellants from its breach. In our view of the case, if on the trial in the court below appellants establish by proof the truth of the essential allegations of the petition, the only damages recoverable in the case are and will be the loss of such profits as appellants, but for the appellee, Republic Coal Company's violation of the contract, would have made during the life of the lease by the handling and selling from the Harlan mine bins to the inhabitants of the town of Harlan of all egg and lump coal the appellee, Republic Coal Company, was required by the terms of its lease contract to furnish for such local trade at Harlan. The profits, if any, would be the amounts realized by appellants from sales of coal at Harlan after deducting therefrom the prices they paid for it at the Harlan mine bins and costs of delivery.

For the reasons indicated the judgment of the circuit court is affirmed as to the appellees, A. B. Cornett, D. B. Cornett, and the Harlan Home Coal Company, but reversed as to the appellee, Republic Coal Company, and the case remanded to the circuit court with directions to that court to overrule the demurrer of the Republic Coal Company to the petition, and for such further proceedings as may be consistent with the opinion.