## Rasnick v. W. M. Ritter Lumber Company,

(Decided March 19, 1920.)

## Appeal from Pike Circuit Court.

1. Master and Servant—Promise to Dismiss Suits—Without Consideration.—A promise by a master to employ one in his business in consideration of a promise to dismiss certain suits filed against the servants of the master, which suits were based upon matters wholly disconnected from the master or his business, is not shown to be supported by any consideration and is non-enforceable against the master.

2. Principal and Agent—Implied Authority—Burden of Proof.—The authority of a superintendent or general manager of a particular business is limited to transactions which occur in the usual course of the business, and the principal is not bound by an agreement of his superintendent in charge of his business unless the agreement be within the scope of the express or implied authority of the superintendent, and the burden is on the one seeking to hold the principal liable to allege and prove the express or implied authority of the superintendent to make the contract in the name of the principal.

ROSCOE VANOVER for appellant.

AUXIER HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This appeal is from a judgment of the Pike circuit court sustaining a demurrer to and dismissing the petition of appellant and plaintiff below, which he filed in that court against the appellee and defendant below, seeking a recovery of the sum of $3,000.00 for the violation of an alleged contract claimed to have been entered into between the parties. The petition in substance alleged that the defendant was a corporation engaged in operating a sawmill and manufacturing lumber in Pike county, and that plaintiff was one of its numerous employees; that defendant also had engaged the services of Dr. A. S. Richardson as its "company doctor," and that it had in its employ R. E. Osborn as its bookkeeper and store manager; that plaintiff and his stepdaughter had each filed a slander suit against Dr. Richardson and one against Osborn, seeking to recover from each of them the sum of $10,000.00, and that plaintiff's wife had filed a suit against Dr. Richardson to recover $3,000.00 "for *alleged* failure of the said Dr. Richardson to per-

form for her professional services as doctor for defendant;" that the defendant, W. M. Ritter Lumber Company, "*claimed* that these various suits against its employees were disturbing, hindering and obstructing it in carrying on its work in the manufacture of lumber," and that the defendant's superintendent "came to this plaintiff and made an agreement with plaintiff that if plaintiff and his wife and stepdaughter would sign a writing directing the dismissal of the said suits . . . the company would furnish and give plaintiff work and labor at its said mill . . . at the price of $3.35 per day as long as it had work to do or lumber to manufacture at its said plant;" that he thereupon caused the suits filed by himself, his wife and his stepdaughter to be dismissed, but defendant declined and refused to give him employment as its superintendent had agreed to do, although it still had work to do and was still engaged in the manufacture of lumber at the same place.

We are not informed either from the record or briefs as to the ground upon which the court sustained the demurrer, but we are convinced that the judgment of the court was proper and can be sustained on a number of grounds, some of which we will briefly consider.

1. The petition does not allege a sufficient consideration to support the contract of employment upon which the suit is brought. In taking a contrary position plaintiff's counsel cite and rely upon the case of Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 20 Ky. Law Rep. 2009. But a reading of the opinion in that case will show that the facts are materially different from those appearing in the petition filed in the instant case. In the case referred to the plaintiff was an employe of the defendant, and while engaged in such employment he sustained an injury which he claimed was the result of negligence of his employer, Yellow Poplar Lumber Company, and in compromise and settlement of the claim for damages the employer agreed to furnish the servant employment at stipulated wages, because of which the employee refrained from suing his employer to recover damages for his injury. It was rightfully held that there was a sufficient consideration for the contract. Many other cases involving contracts of a similar nature have been before this court, and in each instance the sufficiency of the consideration was upheld.

The plaintiff in that case, and in the others of a similar nature, was asserting what he insisted and what appeared to be a valid claim against the defendant, and it is a primary principle of law that the settlement of such claims constitutes a sufficient consideration for the contract of employment. The matters to which such settlements relate affect directly each party to the compromise agreement. Not so in the instant case. The suits, the dismissal of which plaintiff alleges constitutes the consideration for the contract sued on, were not against the defendant, W. M. Ritter Lumber Company, neither were they based upon any claim for which it was remotely liable. It is true that the plaintiff states that defendant "claimed" that the suits were disturbing, hindering and obstructing it, but he does not allege that they actually did so.

One of the considerations sufficient to uphold a contract is "a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." But the petition in this case does not allege facts sufficient to show a benefit to the defendant, or to show any loss or detriment to the plaintiff because of the dismissal of the suits filed by himself, wife and stepdaughter against defendant's employees, since the allegation that defendant only "claimed" that it might possibly be benefited does not show actual existence of such benefits. Nor does it appear from the petition that the plaintiff, to whom the promise was made, sustained any loss or detriment thereby.

It is not alleged that the suits which plaintiff dismissed in consideration of the agreement sued on were meritorious or filed in good faith. For aught that appears they may have been filed for the sole purpose of obtaining continued employment by defendant as long as it operated its manufacturing plant where it was then located, which, if true, there was nothing to compromise or settle, and the promise of defendant, even if otherwise enforceable, would not be binding.

2. It is not alleged that Kopp, the superintendent of the defendant, possessed authority to bind his principal upon the contract sued on. While the articles of incorporation of defendant do not anywhere appear in the record, we know as a matter of law that a corporation authorized to engage in the manufacture of lumber would have no authority as such to engage in the compromise

of suits not filed against it, but filed only against its employees individually, and we likewise know that a superintendent of a sawmlil is not by virtue of his office a compromiser of lawsuits filed against others than his principal, and covering matters not directly affecting the latter's business.

Even if a corporation under its articles had power and authority to enter into the character of contract sued on, and it was not *ultra vires*, there should be some kind of showing that the superintendent possessed authority to make the contract for and on behalf of his principal, since it is the undisputed rule that a corporation is not bound by any agreement of its superintendent if it is not shown to be within the scope of his express or implied authority, and is not in the course of the ordinary business of the corporation. Hall v. Passaic Water Co., 43 L. R. A. (N. S.) 750; Laird v. Michigan Lubricator Co., 153 Michigan 52, 17 L. R. A. (N. S.) 177, and Thompson on Corporations, sec. 1583.

Since the burden was upon plaintiff to, allege and prove, if denied, the authority of superintendent Kopp to make the contract sued on (31 Cyc. 1644), and he having failed in his petition to make any such allegations, his petition was defective, and the demurrer to it was properly sustained.

We therefore conclude that, for the reasons mentioned, to say nothing of others which might be referred to, the judgment was proper, and it is affirmed.