## Oman, Trustee v. Southern Construction and Quarry Company, et al.

(Decided March 26, 1926.)

### Appeal from Warren Circuit Court.

1. Parties—Petitioner, Self-Styled as Trustee of Estate, but Thereafter Averring he was Owner of Bonds, Alleged Ownership as Individual, and Not as Fiduciary.—Petitioner, though styling himself "trustee of estate of ——, deceased," after which he made no further reference to estate, but averred that he was owner of bonds sued on, held to have alleged ownership in himself individually and not as fiduciary; words "trustee," etc., being merely descriptive.

2. Parties—Petition Stating Cause of Action in Plaintiff Individually as Owner of Bonds Held Properly Dismissed, where Reply Stated that Bonds were Owned by Others (Civil Code of Practice, Sections 7, 18, 21).—Petition naming plaintiff, who had not complied with Civil Code of Practice, section 7, as trustee for estate, but setting out cause of action in favor of himself individually as owner of certain bonds, held properly dismissed, where reply stated that bonds were owned by children named in that plead-

ing, in view of section 18, requiring suits to be maintained in name of real party in interest; section 21 being inapplicable.

EUGENCE McSWEENEY and J. H. ACKLEN for appellant.

HERDMAN & ROPER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

From a judgment dismissing the petition of the appellant, who was the plaintiff below, after an answer, reply and various demurrers had been filed and the case had been submitted by agreement in chief on its merits, this appeal is brought.

Rarely have we ever seen the pleadings in a case in as confused a condition as they are in this one. The appellant, styling himself "trustee of the estate of Catherine Oman, deceased," averred in his petition that *he* was the owner of sixty bonds of a corporation named "Oman and Stewart Stone Company," each in the principal sum of $500.00, dated July 1, 1885, payable twenty years thereafter to bearer and with interest coupons attached; that the corporate name of this company had been later changed to that of the Southern Construction and Quarry Company; that these bonds were secured by a mortgage duly executed by the company on eighty acres of land and a railroad right of way it owned and which were set out by metes and bounds; that these bonds were first sold by the company to the Fourth National Bank of Nashville, Tennessee, which later consolidated with the First National Bank of that city; that the consolidated bank before the bonds matured and for a valuable consideration sold the same to the appellant, who was now the owner and holder of said bonds; that the bonds were destroyed by a fire which destroyed his home and its contents some years prior to the institution of this action; that partial payments of interest on the bonds had been made from time to time up until two years prior to the bringing of this suit on August 18, 1920, and that there was a balance due on the interest of $—, and the whole of the principal. Appellant further averred that the defendant, Rhea G. Price, who is the only appellee before this court, on September 11, 1919, took a deed of general warranty to a part of the eighty acres described in the petition from a firm known as Herdman & Stout, but that this firm had no title to the property and the claim of

Price thereto constituted a cloud on the title to the land which ought to be removed. He prayed for a judgment for his debt; that the lien he had set out be upheld; that the property be sold to satisfy the same, and for all proper relief. He made no specific prayer with reference to the Price claim. He made as parties defendant to this suit in addition to appellee, Price, the Southern Construction & Quarry Company and a number of individuals alleged to be their officers and directors. By an affidavit appended to the petition, he swore that he did not know where any of these parties except Price were. But he asked for no warning order against them nor was any ever made. They were never summoned and have never appeared as parties to this suit.

Before passing to the answer, we may note that although the appellant called himself "testamentary trustee of the estate of Catherine Oman, deceased," after which he made no further reference to this estate in his petition, he never stated that the bonds he held were owned by him in any fiduciary capacity.

In this, his petition is exactly like that in the case of Sansom v. Ayer & Lord Tie Co., 144 Ky. 555, 139 S. W. 778, where the petition was styled "R. H. Sansom, trustee," and neither in its caption nor body was there any *cestui que trust* named or a trust expressed. Speaking to the question whether there was a defect of parties in that petition, we said:

"The weight of authority seems to be that where an instrument vests title in one as trustee, without disclosing on the face of the instrument the nature of the trust or the name of the *cestui que trust*, then the word 'trustee' is merely descriptive, and the ownership vests in the individual in fee; or, to differently express our meaning, when the instrument creating the trust fails to disclose the beneficiary of the trust, the trustee named takes in fee, and may convey the title without the joinder of the *cestui que trust*. As the petition in this case does not show that any person other than the appellant owns or has an interest in the lands in controversy, we think the word 'trustee,' used in connection with his name as plaintiff, should be treated as merely descriptive of the person. If, following the filing of an answer denying his title to the land, the case had proceeded to trial, and the deed or other instrument through which he

claims title, upon being introduced in evidence, had disclosed that the title was made to him in trust for another person or persons named therein, it would have been ground for a nonsuit; but if the instrument evidencing his title was simply to him as trustee, without disclosing the *cestui que trust,* his right to maintain the action as trustee without making the *cestui que trust* a party could not have been questioned.''

It follows, therefore, that the words ''testamentary trustee of the estate of Catherine Oman, deceased,'' are merely descriptive, and appellant's petition must be construed as alleging ownership in him individually and not as a fiduciary.

It may further be noted that appellant never complied with section 7 of the Civil Code, which reads:

''An ordinary or equitable action may be brought upon a bill of exchange, or a note or other obligation, or upon an endorsement or assignment thereof, which, or upon a judgment the record of which is lost, destroyed, mutilated, or defaced, without fraud on the part of the plaintiff, or of those under whom he claims. But no action shall be brought upon an instrument transferable by delivery, merely, which is alleged to be lost, destroyed, mutilated, or defaced, without a previous tender by the plaintiff to the defendant, if his name and place of residence be known to the plaintiff, of an indemnifying bond, with good surety; nor shall judgment be given against the defendant, in such action, until such bond is given, with good surety approved by the court.''

By an answer but little less confusing than the petition the appellee, Price, in its first paragraph traversed the appellant's petition except insofar as it averred that appellee had any claim to the property. By a second paragraph the appellee pleaded the fifteen year statute of limitations, and to show that he had a right to rely on such statute he said: ''Plaintiff has no lien upon the land of this defendant who is a remote vendee,'' but of whom he is silent in this paragraph. By a third paragraph appellee pleaded that his vendors, Herdman and Stout, had brought a suit, just where or when he does not say, to enforce a lien, undescribed in the pleading, on the prop-

erty here in question, to which suit they made the plaintiff, John Oman, a party defendant and called upon him to set up any claim he had to the property, which he failed to do; that the property was sold by the master commissioner pursuant to a judgment of the court in that cause, but of what court the pleader does not say. To whom the property was sold by the master commissioner or how title got into Price are not disclosed in the answer. By a fourth paragraph, Price pleaded that John Oman had sold a number of acres off of the boundary of land of which the tract in dispute was a part, and that in doing so he had warranted the title in the deeds and covenanted that he was the sole owner of the property on which there were no incumbrances. These recitals in these other deeds, in none of which was Price a grantee, were pleaded as an estoppel. Price did not make his answer a counterclaim to quiet his title, but simply prayed that the appellant's petition be dismissed. The appellant's reply so interweaves affirmative and negative allegations and so oscillates between the various defenses presented by the answer, without the aid of paragraphs other than literary paragraphs, to assist the court in following the pleader, that it is almost impossible to ascertain just what theory the appellant had of his case when he filed it. Analyzing it as best we can, we find that the appellant, after again styling himself a testamentary trustee, proceeds along just as he did in his petition as though he individually was the real party in interest. After several pages of denials and affirmations he finally comes out with the statement that he is the testamentary trustee named in a will of Catherine Oman which had been duly recorded, and that he is trustee for certain named children who, to quote, "are the real plaintiffs in this case and the sole parties of interest, and the absolute owners of the mortgaged indebtedness represented by the bonds described in the petition, and on behalf of said beneficiaries for whose sole use and benefit this suit was commenced, it is denied." Then follow some more denials and affirmations. For a while, despite what he had said about the children being the real parties in interest, the appellant makes these denials and affirmations himself. Then suddenly the word "plaintiff" shifts to the word "plaintiffs," and although the children never appear in the caption of the reply nor are they ever designated as plaintiffs, it is the "plaintiffs" who thereafter do the affirming and denying instead of the "plaintiff." In a

very confused fashion through several literary paragraphs, with a combination of affirmations and denials, the appellant and later the "plaintiffs" undertake to meet the plea of limitations. To the plea of estoppel the averment is interposed that Oman, as testamentary trustee, was never summoned in the Herdman and Stout suit; that the owner of the property at that time, the Southern Construction & Quarry Company, was not a party to that suit, and that Herdman and Stout never got any title to the property which they could convey to Price. It also set out that Price was no grantee of Oman and hence could not rely on any estoppel by deed. In the prayer it is at last asked that the claim of Price be removed as a cloud on the title. The affirmative matters of this reply were traversed of record. A demurrer was filed to the second paragraph of the answer by the "plaintiff" and general demurrers were filed by Price to the appellant's petition and to the second paragraph of the reply. Exactly what is meant by this last we do not know, because the reply has no paragraphs in it except literary ones, and the second literary paragraph contains so little of appellant's defense to Price's plea of limitations that we feel sure it was not intended to be taken without what went before and after it as presenting such defense.

An agreed order was then entered submitting this case to the court on these demurrers and also on the merits. The court overruled the demurrer of the "plaintiff" to the second paragraph of Price's answer, sustained the latter's demurrer to "the second paragraph" of the reply, and on the issue of limitations dismissed the appellant's petition.

Whether or not the court was correct in the ruling it made on this question of limitations, it certainly committed no error in dismissing the appellant's petition. Appellant's petition set out a cause of action in favor of him individually, as we have shown above. The reply did not state that appellant owned these bonds as a fiduciary, but on the contrary said they were owned by the children named in that pleading, and further stated that these children were the real parties in interest in this litigation. In doing this, appellant stated himself out of court. Section 18 of the Civil Code requires all suits to be maintained in the name of the real party in interest. While it is true that section 21 of the same Code permits a fiduciary of the kind therein named to bring an action, without joining with him the person for whose

benefit the suit is prosecuted, yet that section has no application here, since appellant in his petition set out an individual cause of action and not one running to him as a fiduciary, and in his reply he did not allege any cause of action in himself in any capacity, but said that the bonds were absolutely owned by the named children and that they were the real parties in interest, thus abandoning any claim on his part to maintain this suit.

As the case was submitted by agreement on its merits, the court could have done nothing else but dismiss appellant's petition, since the pleadings showed he was not the real party in interest in this litigation, and hence had no right to maintain it.

Its judgment is therefore affirmed.