### Stanley v. Kentucky Utilities Company, et al.

(Decided March 20, 1928.)

Appeal from McCracken Circuit Court.

1.    Master and Servant.—In action for damages for defendant's refusal to carry out contract of employment to sell stock as long as defendant desired to keep stock on market, petition alleging plaintiff had left another position, and that defendant sold any of its stock and that it desired to keep stock on market, held not to state cause of action either as to compensation for services plaintiff was to perform or for damages for surrendering former position.

2. Contracts.—Where contract for employment of stock salesman did not bind him to remain in defendant's employment nor bind defendant to retain his services, agreement being that he should work as long as defendant desired to keep stock on market in certain district, essential element of mutuality of obligation does not exist.

3. Master and Servant.—Where plaintiff resigned position to work for defendants under contract of employment sued on, knowing that employment by defendants was for no particular time, he cannot rely on surrender of his position as consideration to support indefinite and uncertain contract with defendants.

4. Master and Servant.—In action for defendant's failure to carry out contract of employment, plaintiff's claim for damages, in that after leaving former position he gave up equity in homestead because he could not pay mortgage against it, held too remote to be considered.

L. B. ALEXANDER for appellant.

WHEELER & HUGHES, GORDON & LAURENT and SQUIRE R. OGDEN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant alleged in his petition that appellees employed him in December, 1925, to work for the appellee company in the Paducah territory, his work to commence on the 10th day of January, 1926, for which work he was to be paid by appellee company $250 per month or more; that he was advised to report at the office of appellee company in Paducah on the 10th day of January, which he accordingly did. He alleged that after he reported appellees refused to carry out the contract of employment; consequently he filed this suit to recover damages. He itemized his damages in his petition. A demurrer was sustained to his petition, whereupon he filed an amendment in which he alleged that he was employed to sell stock for the appellee company, and that, as the result of that employment, he resigned the position held by him at the time and reported for duty at the time agreed upon. We find this allegation in his petition:

"That he was employed by said defendants as an expert stock salesman to sell stock of the Kentucky Utilities Company for the defendants in the Paducah district so long as said defendant, Kentucky Utilities Company, desired to keep its stock on the market in said district, and that he was at all times on and after the 10th day of January, 1926,

ready, willing, and able to sell said stock for said defendants and to fully comply with his contract of employment by said defendants.''

The court sustained a demurrer to the petition as amended, and he declined to plead further, and there was a judgment dismissing his petition from which he has appealed.

The petition does allege that the appellee company sold its stock in the Paducah district, and had kept its stock on the market, yet it is obvious that the petition does not state a cause of action in so far as it seeks to recover compensation for the services which he was to perform. He does not allege in his petition that there was any agreement as to the length of time which he was to work for defendants. He did not agree to work for any time, according to his allegations, and the company did not employ him to work for any length of time other than for such period as it might desire to keep its stock on the market in the Paducah territory. He was not bound to remain in the employment of the company, and the company was not bound to retain his services. In such cases this court has held that the essential element of mutuality of obligation does not exist. L. & N. R. R. Co. v. Offutt, 99 Ky. 427, 36 S. W. 181,18 Ky. Law Rep. 303, 59 Am. Stat. Rep. 467; Hudson v. C. N. O. & T. P. Ry. Co., 152 Ky. 711, 154 S. W. 47, 45 L. R. A. (N. S.) 184, Ann. Cas. 1915B, p. 98; Rasnick v. Ritter Lumber Co., 187 Ky. 523, 219 S. W. 801.

It is suggested that the case of Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 50 S. W. 685, 20 Ky. Law Rep. 2006, announces a different rule. In that case the court found that the time of the employment was not left uncertain and indefinite, but that it was fixed and definite. The court also found that the consideration furnished by Rule was the surrender of his claim for damages, and that by reason of the agreement to employ him his claim had been satisfied. It is argued by counsel for appellant in this case that there was a consideration for his employment by appellees, in that he was induced to resign the position which he held at the time, which he would not have done but for the offer to employ him. If he resigned his position knowing that his employment by the appellees was for no particular time, he cannot rely upon the surrender of his position as a consideration to support his indefinite and uncertain contract with appellees.

He claims that he was damaged by surrendering his former position and that he was damaged in that he gave up his equity in his homestead which he owned, as he could not pay a mortgage against it. Of course his claim for damages growing out of his losing his homestead is entirely too remote to be considered. He surrendered his position without having a definite contract of employment for a definite length of time, according to the allegations in his petition. He knew when he gave up his former position that he was to be employed by appellees only as long as they desired to keep their stock on sale in the Paducah territory, and there is no allegation that they kept the stock on sale for any length of time, or that they desired to keep it on sale for any length of time.

Counsel for appellees have devoted much of their brief to the alleged point that appellant agreed to report for work on January 5th, according to the allegation of his petition, when he did not report until the 10th of January according to another allegation of his petition. The point is not well taken by counsel for appellees, as there is no allegation in the petition that he was to report for work on the 5th of January.

It is not necessary to determine whether the contract was within the statute of frauds. No binding or enforceable contract was alleged in the petition, and for that reason the lower court correctly sustained the demurrer to the petition as amended.

Judgment affirmed.