## Torrent Lodge No. 711, F. & A. M., v. National Surety Company et al.

(Decided October 29, 1929.)

E. C. HYDEN and G. B. STAMPER for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and J. C. LINDON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant is a Masonic Lodge subordinate to the Grand Lodge of Kentucky, Free and Accepted Masons. The appellee is a surety company engaged in the business of executing surety bonds, with its chief office in this state in Louisville, Ky. The Grand Lodge obtained a surety bond as of February 15, 1924, containing, among others, these provisions:

"This bond, made this 22nd day of March, A. D. 1924 between the Grand Lodge of Kentucky, Free and Accepted Masons, Louisville, Ky. (hereafter called the Society) and the National Surety Company (hereafter called the Surety), effective from the 15th day of February, 1924,

"Witnesseth:

"That, whereas, the principal offices of the Society are located in Louisville, Ky., and connected with said Society are local Lodges having certain officers known as Treasurers and Secretaries, a list of which Lodges together with the titles of the positions to be occupied by said officers or their successors and the amount of surety required for each, is set forth in the schedule attached and made a part hereof; and

"Whereas, these aforesaid officers have on hand and in their respective possessions, moneys, funds, securities and other personal property belonging to the Society, and which moneys, funds, securities and other personal property aforesaid, are collected by such officers from members of their local Lodges, and from other sources, and are kept and afterwards disposed of by them in their official capacity, as prescribed by the by-laws and constitution of the Society and its local Lodges; and the Society desires suretyship for itself and its local lodges, in the event of the loss of said moneys, funds, securities, and

other personal property, or any or either of them, so coming into the hands and possession of such officers.

"Now, therefore, in consideration of an agreed annual premium the Surety will, at the expiration of two (2) months next after claim and proof of loss, verified by affidavit (if required by the Surety), make good and reimburse the Society for any and all loss of moneys, funds, securities or other personal property sustained by the Society.

"a. By or through the failure of any such officer to well and faithfully perform their respective duties, as required by the constitution and by-laws of the Society; or

"b. By reason of their failure to pay over and deliver to the persons authorized to receive the same, all moneys, funds, securities and other personal property entrusted to their respective care; or

"c. By reason of their failure to deliver to their successor in office all such moneys, funds, securities or other personal property; Provided, however, that the liability of the Surety on account of any officer shall not exceed the amount for which it shall have become surety hereunder, which amount is set opposite the designation of his position in the schedule, or stated in the acceptance hereinafter provided for; the suretyship hereunder to be considered continuously in force but not cumulative."

The suit was instituted in the name of Torrent Lodge No. 711, F. & A. M., by H. C. Brewer, treasurer. It is alleged that Brewer had authority to institute the action. Under the authority of the case of Payne v. McClure Lodge No. 539 (Ky.) 115 S. W. 764, he had authority to maintain the action.

It is insisted that, as the bond was written in the name of the Grand Lodge, it alone was authorized to maintain an action on the bond. The bond was for the use and benefit of the subordinate lodges, as is clearly shown on its face. Under the authority of Hendrix Mill & Lumber Co. v. Meador, 228 Ky. 844, 16 S. W. (2d) 482, appellant has authority to maintain the action.

The gist of the action is that a treasurer of the lodge defrauded and refused to pay over to his successor in office funds belonging to the lodge. The lower court sus-

tained a special demurrer, apparently on the ground that the action was·instituted in the wrong county. Section 72, Civil Code of Practice, requires· an action against a corporation to be instituted, in such cases, in the county in which the chief office, or place of business, of the corporation is situated, or in which the chief officer or agent resides; or if it be upon a contract in that county, or in the county in which the contract was made or to be performed. The contract was made in Jefferson county, but unquestionably it was to be performed in Wolfe county, where the suit was brought. The performance of the contract was the payment of the money due the lodge by reason of the acts of the defaulting treasurer.

Judgment reversed; cause remanded for proceedings consistent with this opinion.