## Consolidated Realty Co. et al. v. Richmond Hotel & Building Co. et al.

(Decided March 20, 1934.)

464

E. C. O'REAR, ALLEN PREWITT and ROSS & ROSS for appellants.

BURNAM & GREENLEAF and G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

We are confronted with a motion to dismiss this appeal. A motion to dismiss the appeal as to the Consolidated Realty Company and John S. Akers, trustee in bankruptcy of the Consolidated Realty Company, has been heretofore acquiesced in and the appeal dismissed as to them. The cause of action involves a contract and bond, executed and delivered by the Consolidated Realty Company, as trustee of, and for, Mrs. Lillian W. Foos (formerly Mrs. Lillian W. Theophanis), George Theophanis, Belle Walker, and Jennie Walker Held, to which we shall hereafter give more particular attention. Since their execution and delivery, and the trial of this action in the circuit court, the Consolidated Realty Company was adjudged a bankrupt and John S. Akers appointed its trustee. In the statement filed herein, in accordance

with section 740, Civil Code of Practice, the names of Lillian W. Foos (formerly Lillian W. Theophanis), Belle Walker, and Jennie Walker Held were named appellants. Neither of them was a plaintiff or defendant, in the caption of the petition. However, it discloses that, in agreeing on the terms and provisions of the contract and bond which are the basis of the cause of action set forth therein and in the execution and delivery of same, the Consolidated Realty Company was the trustee of Lillian W. Foos (formerly Lillian W. Theophanis), George Theophanis, Belle Walker, and Jennie Walker Held. They are the real parties in interest or the cestuis que trust, for whom the Consolidated Realty Company was acting as trustee in the execution and delivery of the contract, and the acceptance of the bond, and in the filing of this action in the circuit court. The rule that a party for whose benefit a contract is made may sue thereon, in his own name, although the undertaking is not directly to or with him or in his own name, is too well recognized to need authority or reason to sustain it. However, see Allen v. Thomas, 3 Metc. 198, 77 Am. Dec. 169; Smith v. Smith, 5 Bush, 625; Bryant v. Jones, 183 Ky. 298, 209 S. W. 30; Hendrix Mill & Lbr. Co. v. Meador, 228 Ky. 844, 16 S. W. (2d) 482; Torrent Lodge, No. 711, F. & A. M. v. National Surety Co., 231 Ky. 302, 21 S. W. (2d) 439; J. T. Jackson Lbr. Co. v. Union Transfer & Storage Co., 246 Ky. 653, 55 S. W. (2d) 670; N. W. Mut. Life Ins. Co. v. Eddleman, 247 Ky. 116, 56 S. W. (2d) 561, 87 A. L. R. 276. Section 21 of the Civil Code of Practice expressly authorizes a "trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another * * * may bring an action without joining with him or it the person or persons for whose benefit it is prosecuted. Provided, however, that nothing herein contained shall abrogate or take away the individual's right to sue." This language of the Code authorized the Consolidated Realty Company to institute and prosecute the action in its name as trustee, and if, upon it becoming a bankrupt, or for any other reason, its right to prosecute the action in the circuit court or in this court terminated, the right of Lillian W. Foos (formerly Lillian W. Theophanis), Belle Walker, and Jennie Walker Held existed under the proviso of section 21 of the Civil Code of Practice. The petition names the Consolidated Realty Company as trustee, designates the trust, and names the cestuis que trust for whom re-

covery was sought. This was permissible under section 21. Oman v. Southern Const. & Quarry Co., 213 Ky. 818, 281 S. W. 1002; Kenton Water Co. v. Glenn, 141 Ky. 529, 133 S. W. 573; Gaines v. Hume, 215 Ky. 27, 284 S. W. 119.

Considering, without determining that the bankruptcy of the Consolidated Realty Company terminated its right to prosecute the appeal, the right of the beneficiaries of the trust to do so is conferred by section 21 of the Civil Code of Practice. Gregory v. Harlan H. C. Co., 182 Ky. 524, 206 S. W. 765; Bryant v. Jones, 183 Ky. 298, 209 S. W. 30. Therefore the motion to dismiss is overruled.

The Consolidated Realty Company, as trustee of the parties hereinbefore named, and the Richmond Hotel & Building Company, a corporation, T. H. Collins, and Burton Roberts, S. J. McGaughey, and J. S. Sewell and Dan Walker, copartners, on January 23, 1930, executed and delivered a contract, the one to the other, containing reciprocal agreements, whereby the Consolidated Realty Company, as trustee, agreed to dedicate to the city of Richmond, a municipal corporation of the fourth class, for street purposes, 50 feet in width of certain described land, and the other parties to the agreement agreed to dedicate to the city, for the same purpose, a strip 50 feet in width over and on certain other land. T. H. Collins, the Richmond Hotel & Building Company, Burton Roberts, S. J. McGaughey, J. S. Sewell, and Dan Walker, by a provision in the writing, agreed, on the conditions recited therein, to pay to the Consolidated Realty Company, as trustee, the "sum per foot equal to the average price realized at an auction sale to be held September 18th, 1928, per front foot of the lots fronting on the south side of South Lawn of Wellington Sub-division, plus 20% of the price of the number of feet to be paid for." It was further stipulated that the latter parties were to execute and deliver a bond to the Consolidated Realty Company, as trustee, its successors and assigns, to "secure the faithful performance of this contract" and to guarantee the extension of Third street, over, through, and across the Collins and Irvine property. It was also stipulated the sum they agreed to pay in the event Third street was not dedicated over and through the Collins and Irvine property, or extended to College street, as provided in the contract, should be considered as liquidated dam-

ages, and that this stipulation was the essence of the contract. The bond which they agreed to execute and deliver was executed and delivered by them to the Consolidated Realty Company, as trustee, in accordance with the terms and provisions of the contract. By a provision of the bond they "promise and agreed to pay the trustee a sum per foot equal in the average price realized at the auction sale to be held September 18th, 1928, per foot of the lots fronting on the south side of South Lawn of Wellington Subdivision plus 20% of said price per foot, if their contract was not carried out"; but if they shall faithfully perform the contract by the dedicating and opening, or having dedicated and opened, a strip of land 50 feet in width, to the city of Richmond, over, through, and across the Collins property and Irvine property to College street, for street purposes, within 12 months from the date of execution of the contract and bond, the obligations thereunder shall be null and void, "otherwise to remain in full force and effect."

It is set forth in the petition that the Consolidated Realty Company, as trustee, held its auction sale of the property on the souh side of South Lawn, and that lots thereon, 257 7/10 feet in width, sold for $3,125, or an average price of $12.12 6/10 per foot, and, when the 20 per cent. was added thereto, amounted to $14.55 per foot for the 50 feet, or $727.50, and the terms of the contract and bond had been carried out by it, but that the 50 feet over the Collins property and the Irvine property to College street had not been dedicated nor extended by the defendants; thus the contract and bond had been breached, entitling it, as trustee, to recover the $727.50 in accordance with the terms of the contract and the bond. To the petition the circuit court sustained a demurrer.

The Richmond Hotel & Building Company, T. H. Collins, Burton Roberts, S. J. McGaughey, J. S. Sewell, and Dan Walker are here insisting it was legally impossible for them to comply with the contract and bond, and therefore there is no legal consideration for either the bond or the contract. To sustain this position, they cite 13 C. J. 330, and Hall v. Fisher, 126 N. C. 205, 35 S. E. 425. The obligations of the parties to the contract set up in the petition are correlative and concurrent. It is an accepted rule that a promise is a good consideration for a promise, provided always it imposes some

legal liability on the party making it. Wilson v. Davis, 1 A. K. Marsh. 219; Kernan v. Carter, 104 S. W. 308, 31 Ky. Law Rep. 865; Nunnally v. White's Ex'rs, 3 Metc. 584; Carter v. Hall, 191 Ky. 75, 229 S. W. 132. It must be ascertainable, certain, and not illegal; i. e., involving a violation of a statute, contrary to public policy, nor immoral. The term "physical impossibility," when used in reference to contracts, means practically impossible according to the state of knowledge of the date of the contract. A legal impossibility, as it applies to contracts, is that which is legally impossible for the promisor to do. The fact a promise is made, depending on a condition subsequent, does not affect its validity. An unexecuted unilateral contract is unenforceable. Louisville Tobacco Warehouse Co. v. Ziegler, 196 Ky. 414, 244 S. W. 899. Mutuality of obligation is essential to the validity of an executory contract, and, if one party is not bound because of lack of mutuality, neither is bound. Brown v. Allen, 204 Ky. 76, 263 S. W. 717; Combs v. Hazard Ice & Storage Co., 218 Ky. 29, 290 S. W. 1035; Stanley v. Ky. Utilities Co., 223 Ky. 688, 4 S. W. (2d) 732; Springton Coal Co. v. Bowling et al., 228 Ky. 317, 14 S. W. (2d) 1082. The mutuality of obligation is essential to the validity of every contract. Second Natl. Bank of Ashland v. Rouse, 142 Ky. 612, 134 S. W. 1121; Ross-Vaughan Tobacco Co. v. Johnson, 182 Ky. 325, 206 S. W. 487. However, it is not void for the lack of mutuality if the party on whom it is not binding has nevertheless complied with (Allen v. New Domain Oil & Gas Co., 73 S. W. 747, 24 Ky. Law Rep. 2169; Citizens' Life Ins. Co. v. Murphy, 154 Ky. 88, 156 S. W. 1069), or performed, its conditions (Pennagrade Oil & Gas Co. v. Martin, 211 Ky. 137, 277 S. W. 302; Jefferson Woodworking Co. v. Mercke, 222 Ky. 479, 1 S. W. [2d] 532; Kelly v. Ivyton Oil & Gas Co., 204 Ky. 804, 265 S. W. 309).

It is set forth in the petition that the Consolidated Realty Company had fully executed its obligation evidenced by the contract and had dedicated the 50 feet of the Walker property to the city of Richmond for street purposes. If it should be conceded that either the contract or the bond was unilateral, the Consolidated Realty Company having executed its obligation, as imposed by the contract and bond, the contractees may not invoke the rule forbidding the decreeing the enforcement of an unexecuted unilateral contract. Neither the

bond nor the contract expressly discloses the parties thereto were the owners of the Collins or Irvine properties at the time of their execution and delivery. This fact in no wise affected their validity. It was not essential to the validity of either that the respective parties at the time of the execution of same were the owners of the land they respectively thereby agreed to dedicate to the city for street purposes. Schmidt v. Martin, 199 Ky. 782, 251 S. W. 999. If either of the parties to the contract and the bond at the time of their execution had no title, nor color of title, to the land they thereby agreed to dedicate to the city, this fact did not constitute a physical impossibility of the performance of their promise, since it was competent for either party to acquire title afterwards and render themselves able to dedicate a perfect title to the city for street purposes at the time fixed by the contract. Schmidt v. Martin, supra; Smith v. Cansler, 83 Ky. 367; Gaither v. O'Doherty, 12 S. W. 306, 11 Ky. Law Rep. 594; Tapp v. Nock, 89 Ky. 414, 12 S. W. 713, 11 Ky. Law Rep. 611; National Finance Corp. v. Robinson, 193 Ky. 649, 237 S. W. 418; Huber v. Johnson, 174 Ky. 697, 192 S. W. 821. A dedication is "an appropriation of land by its owners for any general and public use, the owner reserving to himself no other rights in the soil than such as are perfectly compatible with the full exercise and enjoyment of the public use to which the property has been devoted; the appropriation of land for public use." See 8 R. C. L. 881. The contract obligates the Richmond Hotel & Building Company, T. H. Collins, and Burton Roberts, and Madison Laundry Company, a copartnership composed of S. J. McGaughey, J. S. Sewell, and Dan Walker, to dedicate to the city for street purposes land 50 feet in width from the Walker property over and across the Collins and Irvine property, to College street, and their bond secured the Consolidated Realty Company, as trustee, in the faithful performance of this contract. The contract was executed by the parties in so far as the execution and delivery and the acceptance of the bond were provided for. The bond obligated them to dedicate the 50 feet across these properties or pay the Consolidated Realty Company, as trustee, the price per front foot of the 50 feet of the Walker property to be ascertained and fixed by the price per front foot realized at the auction sale, plus 20 per cent. The dedication of the land 50 feet in width on and over the Collins and Irvine property to College street, though

470

the obligees at that time had no color of title to the land they agreed to dedicate, was physically and legally possible to be done by them in accordance with the contract and the bond. We know of no statutory provision or public policy forbidding the entering into and carrying out a contract to convey or dedicate to a city land for street purposes, nor have we been pointed to any authority sustaining such theory; nor have we been pointed to any authority or reason forbidding the making or entering into a contract to pay liquidated damages for the violation of such contract. The contract of the Richmond Hotel & Building Company and its associates obligated them in the alternative to dedicate the 50 feet over and across the Irvine and Collins property to College street or pay damages according to the criterion fixed in the contract. It was competent for them to have an alternative agreement, either one of which was possible of performance, and, even if the first alternative was not possible of performance, admittedly they could legally obligate themselves to pay damages. A contract is never impossible of performance where it is within the power of the contracting party to control its performance. Gilson v. Blanchard, 1 Allen (Mass.) 420; Frothingham v. Seymour, 121 Mass. 409; Drake v. White, 117 Mass. 10.

The judgment of the court sustaining the demurrer to the petition is not in harmony with our views; therefore it is reversed for proceedings consistent with this opinion.