James G. LANG, Appellant,

v.

George JONES and Delores Jones, his wife,
Appellees.

Court of Appeals of Kentucky.

Nov. 8, 1968.

Daniel W. Davies, Newport, for appellant.

Richard S. Nelson, Bridges & Nelson, Covington, for appellees.

WOODARD C. TIPTON, Special Commissioner.

Since alcoholic beverage licenses are restricted in number by the Alcoholic Beverage Control Board of Kentucky, a person who desires to engage in the retail selling of alcoholic beverages usually cannot obtain new licenses from the State, but must find someone who will go out of business and permit his licenses to be transferred by the Alcoholic Beverage Control Board to the person desiring them. In those circumstances the person desiring the licenses usually will have to pay more than the unexpired part of the license fees.

Appellees George Jones and wife had made arrangements to procure a transfer of licenses from one who had them and appellees had borrowed money from a bank to finance the purchase. Before this transfer was completed the appellant appeared, wanting the licenses, and signed an agreement to "pay or assume mortgage of George M. Jones in the amount of $8,244.00 owed to First National Bank, Covington, Kentucky, upon my obtaining the liquor and beer license No. 19 LH 20837 and 19 BR 31968 from Anthony M. Pangallo and Dominic Pangallo dba Mimi's Bar, 802 Central Avenue Newport Kentucky, subject to same being transferred to my name".

Thereupon upon proper steps being taken and the signing of such forms as the Alcoholic Beverage Control Board required the licenses were transferred by the board directly from the Pangallos to appellant.

The note to the bank came due and appellant refused to pay it, whereupon this litigation ensued. In passing it appears that appellant had at one time been a sheriff of the county and it was testified without denial or objection that appellant said he never intended to pay the amount of $8,244.00 and further said he signed the agreement to pay the bank really to sort of help Mr. Jones out.

The circuit court entered judgment for George and Delores Jones against Lang for the sum of $8,244.00 with 6% interest per annum from February 11, 1966, and costs.

The appellant argues that KRS 243.630 prohibits the transfer or assignment of a license and that the agreement provided for that and therefore the agreement is void. However, it is to be noted that the agreement expressly provided that it should be "subject to same being transferred to my name." It was recognized by the parties that the licenses could be transferred only by the Alcoholic Beverage Control Board. Nothing illegal was done by either party as the transfer had the sanction and approval of the Commonwealth through its regulating agency. Spalding v. Alcoholic Beverage Control Board (1959), Ky., 323 S.W.2d 859; Zeitz v. Foley (1954), Ky., 264 S.W.2d 267.

The appellant further argues that the contract was unilateral and since the appellees were not bound thereby the appellant is not bound. However, a contract is not void for lack of mutuality if the party not bound thereby nevertheless has complied with or performed its conditions. In the case at bar the appellees fully complied and appellant has gotten everything he was supposed to get so he is now bound. Consolidated Realty Co. v. Richmond Hotel & Bldg. Co. (1934), 253 Ky. 463, 69 S.W.2d 985.

This case comes down to the question of whether the court will refuse to enforce a contract involving the transfer of alcoholic beverage licenses which might or might not be approved by the Commonwealth, but which was approved by the Commonwealth. There has been no violation of KRS 243.630 and appellant should not be relieved of the obligations of his contract.

Wherefore the judgment is affirmed.

All concur.