LEWIS JEFFERSON v. JEFFERSON WATSON.

**Errors Where No Motion for New Trial Is Made.**

While any errors committed during the progress of a trial are not subject to revision by the Court of Appeals unless such errors are presented to the trial court in a motion for a new trial, still there may, in the absence of a motion for a new trial, be an inquiry as to whether the pleadings state any cause of action or defense and whether there is any evidence heard and properly presented by bill to support the judgment.

**Motion for a New Trial.**

It is never necessary in a motion for a new trial to specify errors not occurring during the progress of the trial. Errors occurring prior to the trial will be considered by this court when properly brought before it and a motion for a new trial as to them is not proper.

RESPONSE. MASON CIRCUIT COURT.

April 30, 1885.

RESPONSE BY JUDGE LEWIS:

On the errors assigned in this case is that the lower court improperly overruled the motion to dismiss the petition which was made upon the ground that the plaintiff before commencing the action to make the demand accompanied by the verification and proof required by law in actions against personal representatives.

In the opinion heretofore rendered it was inadvertently and erroneously held that as the alleged error was not made one of the grounds for a new trial it could not be considered on this appeal.

The correct rule is that error committed during the progress of the trial is not subject to revision by this court unless it be presented in the application to the lower court as a cause for a new trial, except as held in *Helm v. Coffey,* 80 Ky. 176, there may in the absence of a motion for a new trial be an inquiry as to whether the pleadings state any cause of action or defense, and whether there is any evidence heard and properly presented by bill to support the judgment.

But the error in question, if it be one, did not occur during the progress of the trial in the meaning of the civil code, nor does it constitute one of the causes for which a verdict of the jury or de-

cision of the court may be vacated and a new trial granted, as provided in Sec. 340. It relates rather to the preparation of the action for trial and necessarily precedes the judicial examination of the issues of law or fact, a new trial of which may be granted for any one of the causes mentioned in Sec. 340. It was therefore not necessary to specify that error in the application as a cause for a new trial in order that it be considered on this appeal, but without that, it is properly subject to revision by this court.

In his petition the plaintiff stated that he had, before commencing the action, made the demand accompanied by the affidavit and proof in writing required in such cases and filed them and as parts of his petition. And in the affidavit of the administrator, upon which the motion to dismiss was based, it is in effect admitted that the demand was made, but it is stated that the affidavit and proof were not such as required by law. And that question the court below was enabled to determine on the face of the papers filed as exhibits.

The account sued on as stated is for services and expenses in behalf of the decedent while sick and helpless from November 20, 1876, to March 7, 1881, for services during the same period in feeding his stock and for board, all of which is estimated at $6,000 in value. To that account is appended the affidavit of the plaintiff that the demand is just, has never been paid, and that there is no offset or discount against the same or usury therein.

It is true the different kinds of services are not itemized, nor the value of each estimated and fixed in the account sued on. But we think the statute was substantially complied with, for the services rendered, the time they were rendered, and the value were all stated in the account, which was accompanied by the plaintiff's affidavit in due form of law. In addition to his own affidavit the plaintiff presented to the administrator proof of his demand by two witnesses, one of them being the physician who waited on the deceased during the period mentioned in the account, and the other person who proved an acknowledgment by the deceased of the services rendered and the expression of his wish that plaintiff should be well paid therefor.

The statement of the physician is to the effect that plaintiff nursed and attended the deceased the length of time stated in the account, that the services, the nature of which he described, are reasonably

worth $1,000 and that the deceased not only declared his desire that the plaintiff should be compensated for his services, but circumstances are detailed tending to show the value he put upon them.

In our opinion the proof of the correctness of the demand in this case was as full as contemplated by the statute, or as under the peculiar circumstances of the case could be made. The amount claimed was large, the services for which compensation was claimed was extended through a period of about five years, and the value of the services was a fact about which the opinions of witnesses might be expected to differ. And there is enough in this record to show that, however detailed and full the proof in support of the claim might have been, it would not have been paid without litigation, and probably it would have been the duty of the personal representative not to have done so.

There has been a full and fair investigation of the case, the verdict of the jury followed by judgment of the court by which in our opinion the justice of the case according to the evidence on both sides, has been reached, and to now annul and set aside the whole proceeding for the error complained of is not required by the letter or spirit of the statute which in our opinion was substantially complied with.

The petition for *rehearing* must be *overruled*.

*T. C. Campbell, E. L. Worthington, Barbour & Cochran*, for *appellant*.

*Wm. Lindsay, Harry Wadsworth*, for *appellee*.