## Employers' Indemnity Company of Philadelphia v. Duncan.

(Decided June 9, 1914.)

### Appeal from Muhlenberg Circuit Court.

Jurisdiction—Of Action Against Bank or Insurance Company.— Under Section 71 of the Code, an action against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated, or if it arises out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place, but it may be brought in either county. And this section applies to foreign as well as domestic corporations.

HELM BRUCE and TAYLOR & EAVES for appellant.

NEWTON BELCHER, T. J. SPARKS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Duncan, brought this suit in the Muhlenberg Circuit Court against the appellant, an indemnity insurance company, to recover commissions alleged to be due him as an agent of the company.

The company, in its answer, presented in the proper way its objection to the jurisdiction of the Muhlenberg Circuit Court, but the trial court overruled its objection to the jurisdiction, and upon a trial the appellee recovered judgment for the amount sued for.

On this appeal two grounds for reversal are relied on; one, that the objection to the jurisdiction of the court should have been sustained, and the other, that a verdict should have been directed in its favor. If the

court had jurisdiction of the action, we would affirm the judgment, but as it did not have jurisdiction, we feel obliged to reverse it.

Sections 71 and 72 of the Code read as follows: 71. "Excepting the actions mentioned in sections 62 to 66, both inclusive, and in sections 70 and 75, an action against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place." 72. "Excepting the actions mentioned in sections 62 to 66 both inclusive and in sections 68, 70, 71, 73, 75 and 77, an action against a corporation which has an office or place of business in this State, or a chief officer or agent residing in this State, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first-named county, or the county in which the tort is committed."

It will be observed that section 71 relates only to incorporated banks and insurance companies, and the venue of actions against banks and insurance companies is fixed exclusively by this section, which is expressly excepted from the operation of section 72 controlling the venue of actions against corporations generally, excepting common carriers.

Under the provisions of section 71, if a bank or insurance company has a principal office or place of business in this State, the action may be brought in the county in which its principal office or place of business is situated; or, if it arises out of a transaction with an agent, it may be brought in the county in which such transaction took place.

The defendant, in its answer objecting to the jurisdiction of the court, after denying that the contract sued on was made in Muhlenberg County, averred that "The chief office of this defendant in Kentucky is in Louisville, Jefferson County, and its chief officer or agent in Kentucky is Owen R. Mann, who resides at Louisville, in Jefferson County." And this averment was not denied. It will therefore be seen that the action was not brought in the county in which the principal or chief office or place of business of the defendant was situated, and

therefore the jurisdiction of the Muhlenberg Circuit Court depended upon the fact that the action arose out of a transaction with an agent of the defendant that took place in Muhlenberg County. The evidence, we think, shows very clearly that the contract sued on took place with an agent of the defendant in Fayette County and therefore the action should have been brought in Jefferson County or Fayette County.

It is argued that as the defendant company is a foreign corporation, section 71 has no application to it. The section, however, does not appear to limit its application to either domestic or foreign banks or insurance companies. It applies to all, whether domestic or foreign, that have in this State a principal office or place of business. If the bank or insurance company, whether domestic or foreign, has not in this State any principal office or place of business, then of course the action must be brought in the county in which the transaction arose that is the basis of the action if the contract was made in this State; but if it has a principal office or place of business in the State, then the action may be brought either in that county or in the county in which the transaction took place.

For the reasons indicated, the judgment must be reversed, and it is so ordered.