## Barnes v. Union Central Life Insurance Company.

(Decided February 2, 1916.)

### Appeal from Franklin Circuit Court.

1. Insurance—Foreign Insurance Company—Contract With in Another State—Action on by Non-resident Beneficiary—May be Brought in This State.—An action on a contract of insurance, made in another State, may be maintained by a non-resident beneficiary against a foreign insurance company, doing business in this State.

2. Insurance—Foreign Insurance Company—Action Against on Contract Made in Another State—Venue of—How Determined.—In an action brought in the Franklin circuit court of this State by a non-resident beneficiary against a foreign insurance company doing business in this State, upon a contract made in another State, as by section 631, Kentucky Statutes, a foreign insurance company is required to file with the Insurance Commissioner of this State a "resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State or upon the Commissioner of Insurance of this State, in any action brought or pending in this State shall be a valid service upon said company," and compliance by a defendant foreign insurance company with this requirement of the statute is a condition precedent to its right to do business in this State, its admission, when sued, that it has no principal office or place of business in this State, that the transaction out of which the action arose did not take place with its agent in any county of the State, but was made in another State, together with the service of summons upon the Insurance Commissioner of this State, gave the Franklin circuit court jurisdiction of the action and parties. In such a state of case the action is not localized by section 71, Civil Code, but is governed by the provisions of section 78, Civil Code, applicable to transitory actions.

O'REAR & WILLIAMS for appellant.

T. L. EDELEN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellant, Jennie F. Barnes, widow of Clinton J. Barnes, deceased, to recover of the appellee, Union Central Life Insurance Company, $5,000.00 claimed to be due on a policy of insurance on the decedent's life, issued by it, payable to her. It is alleged in the petition that appellee was incorporated under the laws of Ohio; that the contract of insurance, evidenced by the policy, was made in Virginia, in which State appellee was then doing business and the decedent then, and until his death, resided; and that appellee is now and was at the time of the institution of the action, doing business in Kentucky. Though not so alleged in the petition, it seems to be admitted by the appellant that she is a non-resident of Kentucky. The summons issued upon the filing of the petition was served by the sheriff of Franklin county on appellee by delivering to M. C. Clay, Insurance Commissioner for the State of Kentucky, a true copy thereof.

Appellee by counsel appeared in the Franklin circuit court, and entered a motion to quash the summons and return, which motion was overruled, to which it excepted. It then filed a special demurrer to the petition, on the ground that it showed that the court had no jurisdiction of the case. The demurrer was overruled, to which appellee excepted. It thereupon, without waiving its objection to jurisdiction, filed an answer, alleging by way of plea to the jurisdiction, "that this defendant is an incorporated insurance company; that Franklin county is not the county in which its principal office or place of business is situated; nor did the transaction sued on in the plaintiff's petition arise out of a transaction with an agent of such corporation in Franklin county. The defendant's principal office or place of business is situated in the city of Cincinnati, Ohio, and the contract sued on took place in the State of Virginia and not in the State of Kentucky."

Appellant filed a demurrer to the answer, which was, by the court, carried back to the petition and sustained. Appellant excepted to this ruling and upon her declining to plead further, the court dismissed her petition. From the judgment manifesting the above rulings she has appealed.

Appellee's demurrer to the jurisdiction of the circuit court admits the allegation of the petition that it was at the time of the institution of this action and is now doing business in this State, and its plea in abatement fails to deny that this is so. It is insisted for appellee, and such was the conclusion of the circuit court, that section 71, Civil Code, fixes the venue of an action against an incorporated insurance company either in the county in which its principal office or place of business is situated, or in the county where the transaction arose, if such transaction was with an agent; and that as appellee has not a chief office or place of business in Franklin county, and the transaction out of which appellant's action arose did not take place with an agent of appellee in that county, the circuit court thereof has no jurisdiction of appellee or of the action. On the other hand, it is insisted for appellant: (1) That an action on a contract of insurance made in another State can be maintained by the beneficiary in this State against a foreign insurance company doing business in this State; (2) that such action is not localized by section 71, Civil Code, but is transitory and therefore maintainable under section 78 of the Civil Code; (3) that, if it could properly be held that such action is localized by section 71 of the Code, and must, by reason thereof, be brought in the county in which is situated the principal office or place of business of such foreign insurance company, and the latter has no known or principal office or place of business in this State, then the insurance commissioner is by statute made its chief officer in this State, and the county in which his official domicile or residence is required by the statute to be maintained, is in law the county in which is situated the foreign insurance company's principal office and place of business. It is shown by the uncontroverted affidavit of B. G. Williams, one of appellant's attorneys, that appellee has no principal office or place of business in this State, unless the insurance commissioner is its principal officer and Franklin county, the county of his official residence, is its principal place of business; and it is not alleged by appellee's plea in abatement either that it has or has not a principal office or place of business in this State, but only alleged that Franklin county is not the county in which its principal office or place of business is situated

and that its principal office or place of business is situated in the city of Cincinnati, Ohio.

As to the proposition first advanced by appellant's counsel, it is sufficient to say that the mere non-residence of appellant does not prevent her from maintaining an action in this State against a foreign insurance company doing business in the State. Such right of a non-resident was declared in N. W. Mutual Life Ins. Co. v. Lowry, 14 R., 600, and Cleary v. Union Central Life Ins. Co., 143 Ky., 540, although in neither of these cases was the question involved that is here raised. In the first case it was held that, notwithstanding the statute of limitations of the State of Alabama, where the contract of insurance was made, did not bar the action, the laches of the plaintiff in delaying for more than ten years to bring the action in this State, should be regarded as equivalent to a waiver or abandonment of her claim, consequently a judgment in her favor could not be rendered without permitting her to take advantage of her own gross negligence, to the prejudice of other policy holders of the insurance company. In the second case it was held that as the foreign insurance company was a resident of Wisconsin and the contract of insurance was made in Ohio, and the action was brared by the statute of limitations of the latter State, it could not be maintained in this State. But in N. W. Mutual Life Ins. Co. v. Lowry, *supra,* we in the opinion said: "It has been more than once held by this court that an action may be maintained in this State on policies of life insurance, by service of process on an agent here, although the principal office of the company may be in another State."

As already stated, it is admitted by the pleadings that when this action was instituted appellee was authorized to do, and was doing, business in this State. Section 571, Kentucky Statutes, provides:

"All corporations except foreign insurance companies formed under the law of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State until it shall have filed in the office of the Secretary of State a statement, signed by its president or

secretary, giving the location of its office or offices in
this State, and the name or names of its agent or agents
thereat upon whom process can be served; and when any
change is made in the location of its office or offices, or
in its agent or agents, it shall at once file with the Sec-
retary of State a statement of such change; and the
former agent shall remain agent for the purpose of serv-
ice until statement of appointment of the new agent is
filed; and if any corporation fails to comply with the
requirements of this section, such corporation, and any
agent or employe of such corporation, who shall trans-
act, carry on or conduct any business in this State, for
it, shall be severally guilty of a misdemeanor, and fined
not less than one hundred nor more than one thousand
dollars for each offense.''

It will be observed that foreign insurance companies
are excluded from the operation of the statute *supra,*
but this is because they come under the provisions of
section 631, Kentucky Statutes, which declares:

''Before authority is granted to any foreign insur-
ance company to do business in this State, it must file
with the commissioner a resolution adopted by its board
of directors, consenting that service of process upon any
agent of such company in this, State, or upon the com-
missioner of insurance of this State, in any action
brought or pending in this State, shall be a valid service
upon said company; and if process is served upon the
commissioner it shall be his duty to at once send it by
mail, addressed to the company at its principal office;
and if any company shall, without the consent of the
other party to any suit or proceeding brought by or
against it in any court of this State, remove said suit
or proceeding to any Federal court, or shall institute
any suit or proceeding against any citizen of this State
in any Federal court, it shall be the duty of the com-
missioner to forthwith revoke all authority to such com-
pany and its agents to do business in this State, and to
publish such revocation in some newspaper of general
circulation published in this State.''

Section 71 of the Code provides:

''Excepting the actions mentioned in sections 62 to
66, both inclusive, and in sections 70 and 75, an action
against an incorporated bank or insurance company may
be brought in the county in which its principal office
or place of business is situated; or, if it arise out of a

transaction with an agent of such corporation, it may be brought in the county in which such transaction took place.''

· This section applies to foreign as well as domestic insurance companies that have in this State a principal office or place of business, for we so held in Employers' Indemnity Co. v. Duncan, 159 Ky., 460. In the opinion it is said:

''It is argued that as the defendant company is a foreign corporation, section 71 has no application to it. The section, however, does not appear to limit its application to either domestic or foreign banks or insurance companies. It applies to all, whether domestic or foreign, *that have in this State a principal office or place of business*. If the bank or insurance company, whether domestic or foreign, has not in this State any principal office or place of business, then of course the action must be brought in the county in which the transaction arose that is the basis of the action *if the contract was made in this State;* * * *''

But suppose the contract is not made in this State and the foreign insurance company has not a principal office or place of business in this State, which is the state of case here presented, will such a situation altogether prevent the bringing of the action in this State by the non-resident plaintiff? or is the venue fixed by section 78 of the Code, applying to transitory actions, which provides:

''An action which is not required by the foregoing sections of this article to be brought in some other county, may be brought in any county in which the defendant, or in which one of several defendants who may be properly joined as such in the action, resides or is summoned.''

The only preceding section that could interfere with the application of section 78 would be section 71, the localizing effect of which is applicable only in cases where the transaction took place in some county in the State, or where the defendant has a principal office or place of business in the State. It is patent that appellant could not have brought this action in any of the counties of this State designated in section 71 to localize the action; therefore, it would seem that it may be brought in any county in which ''the defendant * * *, is summoned,'' as provided by section 78.

In C. & O. Ry. Co. v. Cowherd, 16 R., 373, the action was for an injury received by the plaintiff in the State of West Virginia. He was a citizen of Shelby county, Kentucky, and brought his action in Jefferson county, to recover damages for the injuries sustained. Objection was made by the railroad company to the jurisdiction of the court, it being its contention that the venue of the action was fixed by section 73 of the Code, which provides that "an action against a common carrier, * * * for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant * * * resides or in which the plaintiff or his property is injured, or in which he resides, if he resides in a county into which the carrier passes;" and further, that as the defendant did not reside in Jefferson county and the plaintiff did not suffer his injury in that county, and defendant did not pass into or through the county of his residence, jurisdiction in the Jefferson court was wanting.

Section 51, subsection 4, of the Civil Code, then, as now, provides that, "In an action against a private corporation the summons may be served in any county upon the defendant's chief officer or agent who may be found in this State; or it may be served in the county wherein the action is brought, upon the defendant's chief officer or agent who may be found therein."

Service of summons in the case *supra* was had upon the chief agent of the railroad company in Jefferson county. Section 78 of the Code, applicable to transitory actions, with its present provisions, was then in force. The railroad company's chief office and place of business was not in this State. In the opinion it is said:

"Applying this section (73) to the case at hand, the Jefferson Court of Common Pleas had no jurisdiction, because Jefferson county was not the county of the defendant's residence, or that in which the plaintiff was injured, or that in which he resided and into which the carrier passed. Moreover, if this section is to control, the plaintiff is wholly without remedy so far as the courts of his State are concerned. The corporation has established itself in business within the jurisdiction of the courts of the State, but because the injury was inflicted beyond her territorial limits the plaintiff is not allowed to sue in any of her courts; and so long as the carrier fails to run its road through Shelby county or

fails to establish its chief office or place of business in Kentucky, the complainant is without remedy so far as this statute gives him relief, even though the managing agents of the carrier might be found doing business in every county in the State.

"We do not believe this construction of the law to be sound. No attempt was made to localize actions where the jurisdictional facts contemplated in the statute were wholly wanting. In the very nature of things it would seem impossible to localize an action for a personal injury inflicted by a non-resident beyond the limits of the State. The existence of the localizing facts can be only accidental, and in most cases would be wanting, as they are here. It seems to us the law was intended to apply only in cases where the defendant, or one of them, resides in the State, or when the plaintiff is injured in the State, or resides in a county in the State into which the carrier passes. In the absence of these jurisdictional facts in any given case we must conclude, not that the plaintiff is without remedy, but that the localizing statute is not applicable. The state of fact which would limit or confine the plaintiff to certain designated counties in the institution of his action does not exist in the case at hand. It was impossible for the plaintiff to bring this action in any of the counties designated in the section relied on to localize the action, hence section 78 of the Code applies, and this provides that 'an action which is not required by the foregoing sections of this article to be brought in some other county may be brought in the county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned.' "

"It seems to us that the application of this section to this case is entirely free from objection. The non-resident common carrier is thus put on the same footing with other non-resident litigants. When found doing business in the State it is presumably with the consent of the State, and that consent must be assumed to have been on the condition that it subject itself to the same legal environments that encompass other litigants, and it may, therefore, be sued as other litigants when properly summoned."

The conclusion expressed in the opinion, *supra,* seems to us to control the decision of the question of jurisdic-

tion involved in the instant case. Application of the provisions of section 71 of the Code, as contended by appellee, would make it impossible for appellant, or even a resident plaintiff, to bring this action in any of the counties to which that section would confine the venue. Under section 78, however, the right of a non-resident to maintain a transitory action in this State, on a contract made in another State, is the same as that of a citizen thereof. Its only requirement applicable here is that the action shall be brought in the county in which the defendant resides or is summoned, and it makes no distinction between a resident and non-resident plaintiff. Bishop v. Jackson, 28 R., 1136.

As by section 631, Kentucky Statutes, foreign insurance companies are required to file with the commissioner a "resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the commissioner of insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company," and compliance by appellee with this requirement of the statute was a condition precedent to its right to do business in this State, its admission that it has no principal office or place of business in this State and that the transaction out of which the action arose did not take place with its agent in any county of the State, together with the service upon the commissioner, its designated agent, of summons on the petition, in our opinion, brings the case within the provisions of section 78, Civil Code. Therefore the circuit court should have taken jurisdiction of the case.

This conclusion renders unnecessary consideration of the third proposition urged by appellant, hence it is not passed on. For the reasons indicated, the judgment is reversed and cause remanded, with direction to the circuit court to overrule appellee's demurrer to the petition, sustain appellant's demurrer to appellee's answer, and for further proceedings consistent with the opinion.