## Combs et al. v. Hargis Bank & Trust Company et al.

(Decided May 6, 1930.)

JESSE MORGAN and C. S. LANDRUM for appellants.

J. W. CRAFT, W. A. STANFILL and TURNER & CREAL for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This action was instituted by appellants against the appellees and A. H. Hargis to recover possession of a certain lot in the city of Hazard and for damages in the sum of $350,000 for the alleged negligent and careless burning of the Combs Hotel while it was in the possession of appellee. The suit was instituted in the Perry circuit court. D. Y. Combs, prior to his death, was indebted to A. H. Hargis in the sum of $180,000. To secure this indebtedness a mortgage was executed to the Hargis Bank & Trust Company as trustee. We do not have before us the mortgage, or any contract in relation to the matter, but is it made to appear in the petition that the hotel was operated by Combs and appellees for some time, and thereafter by appellees until it was destroyed by fire. There was $180,000 insurance which was collected and applied to the extinguishment of the debt of Hargis. The possession of the hotel was placed in appellees through court proceedings wherein it was adjudged that the appellants, who are the heirs of D. Y. Combs, should be enjoined from interfering with appellees in the management and control of the hotel. We do not have before us the proceedings in that case.

As to whether there was a misjoinder in the petition, in that it sought to recover possession of the lot and

damages for the destruction of the hotel by fire, we express no opinion as that question is not before us.

Prior to the term of court at which this action was to stand for trial, notice was given by appellee and A. H. Hargis that an application would be made for a change of venue. It does not appear that the application was actually made. When court met a motion was made asking that the regular judge vacate the bench, and this motion was sustained When a special judge had been provided a motion was made to quash the summons which had been executed on appellee and A. H. Hargis in Breathitt county. This motion was overruled. A special demurrer was then filed to the petition raising the question of the jurisdiction of the court, and it was sustained as to appellee. The sole question presented on this appeal is whether the Perry circuit court has jurisdiction to hear and determine the questions involved.

As to whether the appellees entered their appearance by the steps which were taken, or whether they raised the question of the jurisdiction of the person, is ably argued by counsel representing the respective parties, but it will be unnecessary for us to determine these questions if a proper construction of the sections of the Civil Code relating to the procedure localized the jurisdiction to hear and determine this suit in the Perry circuit court. There is no doubt that the Perry circuit court had jurisdiction of the subject-matter.

It is urged by the appellees that the action is in tort, and probably that is true, but, if the action is localized in Perry county by reason of the provisions of the Code, it makes no difference whether it was an action on a contract, or in tort. Appellees rely on the opinion in the case of Employers' Indemnity Company v. Duncan, 159 Ky. 460, 167 S. W. 414. The special judge, so it appears, based his judgment solely on the opinion in that case. It was there held that the venue of actions against banks is fixed exclusively by the provisions of section 71 of the Civil Code of Practice. That is true in so far as that section of the Code undertakes to localize actions against banks, but there are certain actions that are excepted by the provisions of that section itself. The section excepts all actions mentioned in sections 62 to 66, both inclusive, and if this action is brought under the provisions of section 62 of the Civil Code of Practice, as contended by appellants, the provisions of section 71 have nothing to do with it. The proper construction of section 71 is that in all

suits against banks or insurance companies, except those mentioned in sections 62 to 63, both inclusive, and those mentioned in sections 70 and 75, must be brought in the county in which its principal officer or place of business is situated, unless the action arises out of a transaction with an agent of such bank or insurance company, in which event it may be brought in the county in which such transaction took place. If, as contended by appellants, the action arose out of a transaction with the agent of the bank the Perry circuit court has jurisdiction under the provisions of section 71. But we deem it unnecessary to determine whether the action arose out of such a transaction in Perry county. The opinion in the case of Employers' Indemnity Company v. Duncan, supra, is not in conflict with what we have said.

One of the briefs filed for appellees in an effort to combat the argument advanced by appellants that section 62 fixes the venue in Perry county, states that the contention of appellants is based on two erroneous assumptions, one being that it is an action for recovery of real estate, and the other that it is an action for an injury to real property. The brief then continues: "A casual reading of the petition discloses beyond peradventure that it is essentially an action in tort for the careless destruction of plaintiff's property while rightfully in the possession of the defendant, and that rather than an action for injury to real property, it is from its very terms an action to recover damages for the careless destruction of plaintiffs' house as well as plaintiffs' personal property therein. So that in any view it is an action for damages to recover for the destruction of plaintiff's house and personal property combined therein as the result of the same negligent act of defendant, as alleged."

If the careless destruction of real estate is an *injury* to real estate, counsel for appellees have admitted that the venue of the action is in Perry county in so far as the petition seeks a recovery for injury to real estate, and, while there is an intimation that the venue may not be in that county because the action seeks to recover for injury to both personal property and real property, that argument is not sound. If the petition is good as an action to recover for injury to real property, it is not rendered wholly bad because the petition seeks to recover damages for personal property. We express no opinion

as to whether the furnishings in the hotel were personal property or real estate, or whether if the court has jurisdiction of the action to recover for an injury to real estate it also has jurisdiction to so much of the action as seeks to recover damages for an injury to personal property which was brought about simultaneously with the injury to the real property and as the result of the same causes.

Although the action may be one of tort, if it is an action to recover damages for injuries to real property the Perry circuit court is the proper tribunal to hear and determine the controversy under the provisions of section 62. Eliminating all surplusages, section 62 is as follows:

"Actions must be brought in the county in which the subject of the action, or some part thereof, is situated . . . for an injury to real property."

The only question for this court to determine is whether the negligent and careless destruction of real property is an injury to real property within the meaning of that provision of section 62. In the case of State of North Carolina v. A. Van Pelt et al., 136 N. C. 633, 49 S. E. 177, 68 L. R. A. 760, 1 Ann. Cas. 495, the court defined "injury" in its legal sense as meaning damage resulting from a violation of a legal right. It was said that it is the violation of a legal right which renders the act wrongful in the eye of the law and makes it actionable. If the hotel belonging to appellants after the death of their father, D. Y. Combs, was negligently and carelessly destroyed by appellees, the conduct of appellees in so allowing it to be destroyed was a violation of the legal rights of appellants.

32 C. J. 519, defines "Legal injury" as "an actionable wrong; a wrongful act resulting in damages."

A legal injury must be a violation of some legal right, and is distinct in meaning from the damage that may flow from the injury. The damage is the harm, or loss, sustained by reason of the injury. In the case of Randolph's Adm'r v. Snyder, 139 Ky. 159, 129 S. W. 562, 563, this court held that the word "injury" means a wrong or a tort, and that it may arise by nonfeasance or failure to perform a legal obligation or duty. If that definition of the word "injury" is correct, and the opinion cites respectable authority to support it, how may we escape the conclusion that the destruction of the hotel in question, by a fire which grew out of the negligent con-

duct of appellee, was not an injury to real property within the meaning of section 62 of the Civil Code of Practice? We think there is no escape from that conclusion that the action was for an injury to real property within the meaning of that section of the Code, and that the special demurrer should have been overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.