## Ocean Accident & Guarantee Corporation v. Milford Bank et al.

(Decided December 9, 1930.)

458

HANSON PETERSON for appellant.

B. S. GRANNIS, SILAS JACOBS and M. HARGETT for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

This suit was filed by the Milford Bank, an insolvent institution, and the banking commissioner, against J. H. Hieatt, former cashier, and the appellant, Ocean Accident & Guarantee Corporation, to recover $10,000 on a bond indemnifying the bank against loss by reason of Hieatt's dishonesty. Judgment went for the plaintiffs, and the defendant insurance company appeals.

1. It is contended that the Bracken circuit court was without jurisdiction in the case. By the pleading and proof it was shown that the home office of the company was in New York, and its principal office in Kentucky was in Jefferson county, where its chief agent in the state also resided. Process was served on that agent in that county and also on the insurance commissioner, as is provided by section 631 of the Statutes. Hieatt was summoned in Mason county. The contract was made

several years previously in this manner: The bank by mail requested of the agent that he issue the bond; it was prepared in New York and sent to the agent, who mailed it at Louisville to the bank in Bracken county, which accepted it and in due course remitted the premium; annually thereafter a renewal certificate was sent by mail from Louisville to the bank and remittances duly made. It may well be doubted whether there was a transaction had with an agent of the company in Bracken county, but it is certain that the contract was to be performed there.

Jurisdiction could not have been acquired under section 78 of the Civil Code of Practice covering transitory actions, for neither defendant was served in the county where the action was brought. It must have been under the provisions of section 72, the construction of which, in connection with section 71, is not free of doubt. For convenient consideration, we quote them:

"Sec. 71. Excepting the actions mentioned in sections 62 to 66, both inclusive, and in sections 70 and 75, an action against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place.

"Sec. 72. Excepting the actions mentioned in sections 62 to 66, both inclusive, and in sections 68, 70, 71, 73, 75 and 77, an action against a corporation which has an office or place of business in this State, or a chief officer or agent residing in this State, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first-named county, or the county in which the tort is committed."

We are not concerned with the excepted sections other than the reference to section 71. The conditions localizing actions against corporations in section 72 are: (1) Where its office or place of business is situated; (2) where its chief office or agent resides; (3) where the contract out of which the action arose is made; (4) where such contract is to be performed; (5) where the tort giv-

ing rise to the action was committed. The conditions localizing venue of actions against banks and insurance companies in section 71 are only two, viz.: (1) Where its principal office or place of business is situated; and (2) if the action arises out of a transaction with an agent, in the county where such transaction took place. The question is: Are these two provisions exclusive or cumulative? The answer may depend upon the way the two sections are read. In applying them to an action and situation like the instant case, they may thus be read together: "An action against a corporation on a contract *must* be brought in the county where made or where it is to be performed, or in the county where it has an office or its chief officer or agent resides, except if it be an insurance company and arise out of a transaction with an agent it *may* be brought in the county where such transaction arose." As so read, it is clear that the provisions of the two sections are cumulative. However, the two sections may be read together thus: "Excepting actions against an insurance company, an action on a contract must be brought in the county where made or to be performed." This would make the provisions of section 71 exclusive of those of section 72. Neither reading would be illogical. By reason of the ambiguity, we are called upon to ascertain the legislative intent.

The history of legislation is of value in determining the construction to be placed on the current law. Trustees of Baptist Female College v. Barren County Board of Education, 190 Ky. 565, 228 S. W. 19. The original Code of Practice, adopted by the General Assembly in 1851, provided, as section 127, that:

> "An action, other than one of those mentioned in sections one hundred and nineteen and twenty, against a corporation created by the laws of this state, may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; but if such corporation is a bank or insurance company, the action may be brought in the county in which there is a branch of the bank, or agency of the company, where it arises out of a transaction of such branch or agency."

The actions excluded by reference were those involving real property, the recovery of fines and forfeitures, and suits against public officers and on official bonds.

The revision of 1854 carried the quoted section in the exact language as section 101. In the revision of 1877, it was divided into the two sections, now appearing as sections 71 and 72 of the current Civil Code of Practice.

It is clear, then, that originally the venue for actions against banks and insurance companies was more extensive than those against other corporations. No reason can be conceived why, in the enactment of the present law, the Legislature should have not only eliminated that extension, but have greatly diminished the jurisdiction over banks and insurance companies. Several reasons suggest themselves why they should have done otherwise.

It is to be noted that the word "must" is used in section 72, while the word "may" is used in section 71. The latter word ordinarily imports permission or liberty to act. Such use or definition is consistent with the interpretation of section 71 as cumulative with the provisions of section 72. While the word "may" is sometimes construed as equivalent to "must" in statutory construction, such interpretation is proper only where the sense of the entire enactment requires it or it is necessary to carry out the legislative intention. 2 Bouv. Law Dict. (Rawle's 3d Rev.) p. 2168. Giving that meaning here would result in construing the terms of section 71 as exclusive. But we do not think the subject-matter compels such construction or demands that it should be used out of the ordinary and usual sense. That is a fundamental rule of construction.

It is true that in Employers' Indemnity Company v. Duncan, 159 Ky. 460, 167 S. W. 414, it is written that the venue of a suit against an insurance company was localized to the counties where its principal office was located or where the transaction with the agent took place. But the stated facts of that case show that under neither of the two sections of the Code under consideration could the action have been maintained in the county in which it was brought. In the recent case of Torrent Lodge v. National Surety Company, 231 Ky. 302, 21 S. W. (2d) 439, it was held that an action against an insurance company similar to the instant one could be brought where the contract was to be performed, that is, within the terms of section 72 of the Code.

The court therefore concludes that the provisions of section 71 are cumulative and are not exclusive of

462

those of section 72. Since it is apparent that the contract sued on was to be performed in Bracken county, the circuit court of that county had jurisdiction to try the case.

2. Complaint is made that the court overruled the appellant's motion to require plaintiffs to elect whether they would prosecute their action against Hieatt or against it. This is premised on the idea that the suit against Hieatt was a tort action for embezzlement and against the company on its contract, which would be a misjoinder. We do not so regard the suit. The action was against Hieatt on an implied contract to return the money which he wrongfully took from the bank and against the appellant on its express contract indemnifying the bank against the wrongful taking of that money. Section 83 of the Civil Code of Practice; Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 32 Ky. Law Rep. 525, 17 L. R. A. (N. S.) 280; Ward v. Guthrie, 193 Ky. 76, 234 S. W. 955; National Surety Company v. City of Louisville, 165 Ky. 38, 176 S. W. 364.

3. It is further contended that the court erred in permitting Hieatt to testify as to the contents of the bank's ledger and other books because they were not books of original entry. The books were kept by and under the immediate supervision of the witness. But, whether his testimony concerning their contents was competent or not, it is clear that no harm whatsoever was done the appellant, for the witness testified in detail and at length, independent of the record, as to his defalcations and embezzlement of money greatly in excess of that covered by the bond of indemnity sued on. Wood v. Com., 229 Ky. 459, 17 S. W. (2d) 443.

No prejudicial error appearing in the record, the judgment is affirmed.

Whole court sitting.