## Life Insurance Co. of Virginia v. Edmonds.

(Decided Jan. 27, 1933.)

WM. MARSHALL BULLITT, LEO T. WOLFORD, BRUCE & BULLITT, and R. LEE BLACKWELL for appellant.

R. E. LLOYD for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Ella Edmonds, who lives in Russell county, brought this action in the Russell circuit court against the Life Insurance Company of Virginia on a $500 life insurance policy issued to her daughter Elva Edmonds, and, judgment having been entered in her favor, the insurance company appeals.

The first question presented is, Had the Russell circuit court jurisdiction? Elva Edmonds went to Cincinnati to work, and while there took out the policy payable to her and died. The insurance company had an agent in Cincinnati who took the application and forwarded it to the company in Virginia, which issued the policy and delivered it to the insured in Cincinnati. The company had no agent in Kentucky, and, when the suit was filed, the process was served on the insurance commissioner at Frankfort by the sheriff of Franklin county. The insurance company by its answer appropriately made the defense that the Russell circuit court was without jurisdiction, and this defense was overruled. Section 71 of the Civil Code of Practice provides:

"Excepting the actions mentioned in sections 62 to 66, both inclusive, and in sections 70 and 75, an action against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place."

Sections 62 to 66 of the Code govern actions which are local and have no application here. The same is true of sections 70 and 75. The principal office or place of business of the company was not situated in Russell county. The action did not arise out of a transaction with an agent in Russell county. It is therefore clear that section 71 did not confer jurisdiction upon the Russell circuit court. Section 78 provides:

> "An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

The action was brought against the Life Insurance Company of Virginia only. It did not reside in Russell county but in Virginia. It was not summoned in Russell county. The clerk by mistake in issuing the summons directed it to the sheriff of Russell county, but it was sent to the sheriff of Franklin county for service. When it was served by him in Franklin county, the defendant was "summoned" in Franklin county. It is clear, therefore, that the Russell circuit court had no jurisdiction of the action under this section. These are the only two sections relied on, and it follows that the Russell circuit court was without jurisdiction. In Barnes v. Union Central Life Ins. Co., 168 Ky. 253, 182 S. W. 169, the summons was served on the insurance commissioner in Franklin county, and the action was brought in the Franklin circuit court. There the action was brought in the county in which the defendant was summoned.

Judgment reversed, and cause remanded for a judgment as above indicated.