## Bankers' National Life Insurance Co. v. Stone.

(Decided June 1, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and EUGENE B. COCHRAN for appellant.

ROBERT A. PERSKY for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal of the Bankers' National Life

Insurance Company from a judgment for $2,000 rendered February 7, 1933, in the Jefferson circuit court against it and in favor of the appellee, Thomas Butler Stone.

In November, 1932, Stone brought suit against the appellant company on an individual insurance certificate No. 141 for $2,000, issued him by the company under its group policy No. 57 carried for the benefit of the employees of the C. & O. Railway Company at Ashland, Ky., by the C. & O. Railway Employees' Credit Union.

Stone was employed by the C. & O. Railway Company on June 29, 1927, as a station porter, in which capacity he worked daily from 11 p. m. to 7 a. m., sorting mail and baggage, loading it on and taking it off trains, and transferring it to and from trucks. On August 23, 1929, he laid off for a week for a visit to his sister's home. Whether his making of this visit was due to a breakdown in his health or not is not here material. It appears that he returned from the visit to his employment on the following August 30, and that on the morning of August 31 following at 8:30 a. m., he had a hemorrhage from his lungs. Also that night, some fifteen minutes after his return to work at 11 p. m., he suffered another hemorrhage, which caused him to then ask to be relieved from his work. Some four hours later, or at about 3 a. m. on Sunday morning, September 1, 1929, he again had a bad hemorrhage, spitting up four or five mouthfuls of blood. During this Sunday, he again telephoned his employer, asking to be relieved from work on account of his illness. It appears that since having these hemorrhages on August 31, 1929, he has not been actively at work for the C. & O. Railway Company nor attempted to do any work because of his sickness, though he has been carried during the period on the roster of the company's laid-off employees, whose jobs await their return to work. On September 2 he was sent by his employer to its hospital at Huntington, W. Va., for treatment, where he was examined and looked after by Dr. Vest. On September 18, he was transferred to the Hazelwood Sanitarium at Louisville, where he has since been practically continuously confined under the care and observation of Dr. Paul Turner of Louisville.

Dr. Turner testifies that he found that Stone at this

time of entering the sanitarium was afflicted with chronic pulmonary tuberculosis, rendering him totally unable to do any work, that the condition of this trouble was active at that time, and that he has been totally and permanently disabled from doing any kind of work from the time of having his hemorrhages on August 31 and September 1 as stated, and will continue to be so.

For the year extending from September 1, 1928, and to and inclusive of August 31, 1929, the appellee was insured for $2,000 under a group policy carried by the American National Insurance Company against loss of life and total permanent disability commencing while insured thereunder.

In a suit upon that policy, he secured a compromise settlement of his claim for total and permanent disability, claimed to have arisen on August 31, 1929, while insured thereunder.

On November 21, 1932, Stone filed this suit against the appellant, Bankers' National Life Insurance Company, to recover $2,000 for total and permanent disability upon his certificate No. 141, issued him on its group policy, effective September 1, 1929, and in his petition averring that he had become totally disabled with tuberculosis on September 18, 1929, while he was insured by its policy and an employee of the railroad company.

By the terms of the appellant company's policy sued on, it insured only those persons who were members of the Ashland C. & O. Railway Employees' Credit Union "actively engaged in the occupation of railway service." The company answered that it was not liable to plaintiff upon the policy, inasmuch as the evidence of both Stone and the physicians who had attended him clearly showed that the insured was attempting to recover under this policy for a condition of disability which arose before the policy issued him became effective and not covered by its terms. Further, it appears that upon the filing of Stone's suit in the Jefferson circuit court, process was issued and served on the insurance commissioner at Frankfort by the sheriff of Franklin county, and that thereupon the appellant company appropriately made defense by denying the jurisdiction of the court in which the action was brought by filing its motion to quash the service and return of the summons

issued therefrom, supported by its affidavit showing that:

"The Bankers' National Life Insurance Company [hereinafter called the Bankers' National] does not have any principal office or place of business in Jefferson County, Ky.; the plaintiff's cause of action did not arise out of a transaction with an agent of the Bankers' National in Jefferson County, Ky., or in any county within the State of Kentucky.

"The Bankers' National Life does not have an office or place of business in the State of Kentucky or a chief officer or agent residing within the State of Kentucky.

"The contract sued upon herein was not made in Jefferson County, or within the State of Kentucky, and it was not to be performed within Jefferson County or within the State of Kentucky. The contract sued on was made in Jersey City, New Jersey, and was to have been performed in Jersey City, New Jersey."

Defendant's motion to quash was overruled, when issues were joined upon appropriate pleadings, and, the cause coming on for trial, proof was heard, the jury instructed, and verdict returned for plaintiff, upon which judgment was accordingly entered.

A new trial having been denied defendant upon its motion and grounds made therefor, it has prosecuted this appeal, in support of which it assigns and argues five grounds for reversal of the judgment. In view of the conclusion we have reached as to the fourth of these objections insisted upon as errors committed by the trial court, that it in itself is decisive of the appeal, we deem it unnecessary to extend the opinion by a discussion of the others and as to the merit of which we are to be understood as announcing no opinion but as expressly reserving the same.

By this fourth assignment of error, the appellant contends that it could not be sued upon this policy in Jefferson county, as it there had no officer or agent or office or place of business, nor did the transaction out of which the claim arose occur there. The averments as to these facts are made by the uncontroverted affidavit of appellant's attorney, filed in support of its mo-

tion to quash the service and return of summons on it, upon the grounds that the Jefferson circuit court was without jurisdiction of the action.

Section 71 of the Civil Code of Practice provides: "An action against an * * * insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place."

Also by section 72 of the Civil Code of Practice it is provided:

"Excepting the actions mentioned in sections * * * 71 * * * an action against a corporation which has an office or place of business in this State, or a chief officer or agent residing in this State, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed. * * *"

In the late case of Ocean Accident & Guarantee Corp. v. Milford Bank, 236 Ky. 457, 33 S. W. (2d) 312, the court held that the provisions of section 71, localizing actions against banks and insurance companies, are cumulative as to those in sections 72 and must be considered together. The appellant therefore argues and contends that it could not be sued in Jefferson county under section 71, because, as set out in its affidavit, it did not have any principal office or place of business there and the action did not arise out of a transaction with the agent of the appellant in Jefferson county; nor could it be sued in said county under section 72, for the reason that, as also set out in its affidavit, it had no office or place of business and no chief officer or agent residing in Jefferson county, and the contract was neither made in nor was it to be performed in Jefferson county. It insists that, as not one of these necessary conditions enumerated in either section 71 or 72 of the Civil Code of Practice required for vesting jurisdiction of the action in that court exists in this case, the appellee's right to therein sue does not come within the provisions of either section, and for such reason its motion to quash should have been sustained, as it results that the venue of the action was not in Jefferson county.

Appellee argues that appellant's contention in this is incorrect for the reason that the appellant did not raise the question of jurisdiction or venue either in its answer or when it filed its motion and grounds for a new trial. We do not, however, regard such reply as an adequate argument that appellant's objection to the jurisdiction of the Jefferson circuit court was thereby waived, but rather we are of the opinion that its objection to the court's jurisdiction was saved and properly presented by its motion to quash, denying it. Barbour v. Newkirk, 83 Ky. 531; Jefferson v. Watson, 13 Ky. Op. 418.

It is, for the reasons stated, clear that the Jefferson circuit court was without jurisdiction of this action, and that it should have sustained defendants motion to quash the service and return of the summons. Therefore we conclude that, because of the trial court's error in overruling the motion, its judgment should be reversed. Life Insurance Co. of Va. v. Edmonds, 247 Ky. 138, 56 S. W. (2d) 689. All other questions presented upon the appeal are expressly reserved.

Judgment reversed, and cause remanded for judgment consistent with this opinion.