## Prudential Ins. Co. of America v. Terry.

(Decided June 23, 1936.)

TYE, SILER, GILLIS & SILER for appellant.

T. B. CULTON and H. H. OWENS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is an appeal from a $2,000 judgment entered upon the verdict of a jury in an action upon an insurance benefit certificate.

## The Facts.

On July 1, 1925, the appellant issued to the Louisville & Nashville Railroad Company a group policy of insurance No. 1788, by which it insured those employees of the Louisville & Nashville Railroad Company who signed cards authorizing the Louisville & Nashville Railroad Company to deduct from the wages of the employee the premiums due on such insurance, and, a proper card having been signed by him, a certificate No. 35641 was issued to appellee. This was issued under the same group policy, and except as to amount and name the certificate is identical with the certificate involved in Prudential Insurance Co. v. Sweet, 253 Ky. 643, 69 S. W. (2d) 748, hence we shall not restate those terms.

An issue was made and submitted to the jury under instructions not complained of as to form by which in substance the jury was told to find for the insurance company unless it should from the evidence believe that while the benefit certificate was in force, before default in payment of premium, before July 30, 1921, and while Terry was employed by the L. & N. R. Company, he became totally and permanently disabled, etc., in which event the jury should find for him.

The jury found for Terry, the court overruled the insurance company's motion for a new trial and judgment followed, to reverse which this appeal is prosecuted and we shall now discuss the grounds urged for reversal.

## Motion to Quash the Process.

The return on the process is:

"Executed the within summons by delivering a true copy of same to John Murphy, chief agent and highest officer of the defendant, Prudential Insurance Company of America, in Whitley county, its president, vice president, manager, secretary, treasurer, and librarian being absent from the state of Kentucky. Some of the duties of the said John Murphy being the execution of applications for

defendant's insurance, collecting its premiums, soliciting business for it, delivering its checks, in settlements of claims for benefits, and John Murphy being duly licensed insurance agent for the defendant in the state of Kentucky by the commonwealth. This the 16th day of July, 1934. W. C. Hamblin, S. W. C. By J. W. Faulkner, D. S.''

The defendant, appearing on September 17, 1935, for no other purpose, filed a special demurrer to the jurisdiction of the court and moved to quash the service of process. On January 17, 1935, these were both overruled. Terry acquired no rights under this group policy until he signed an authorization card and certificate No. 35641 was issued to him. This group policy never became effective as to Terry until that was done, and that certificate was applied for and delivered in Whitley county, Ky., and as to Terry, his contract under this certificate was one made and to be performed there. See Metropolitan Life Ins. Co. v. Greene (Tex. Civ. App.) 93 S. W. (2d) 1241. Where this contract was made and to be performed as between the insurance company and the Louisville & Nashville Railroad Company is a matter upon which we express no opinion as that question is not before us.

The insurance company contends this was erroneous and relies upon the opinion in Bankers' National Life Ins. Co. v. Stone, 254 Ky. 682, 72 S. W. (2d) 49.

That was a suit begun in the Jefferson circuit court where that insurance company had no agent, upon a contract made and to be performed in Boyd county. This action was begun in the circuit court of Whitley county, wherein the plaintiff resided, was employed, and the contract was made and to be performed, hence the cited case is not applicable, and the controlling cases are: Insurance Co. of North America v. Hopper, 253 Ky. 402, 69 S. W. (2d) 728; Ocean Accident & Guarantee Corp. v. Milford Bank, 236 Ky. 457, 33 S. W. (2d) 312, and Torrent Lodge v. National Surety Co., 231 Ky. 302, 21 S. W. (2d) 439. The Prudential Insurance Company has never alleged or shown by evidence in any way that John Murphy is not its agent or that the attacked return is in any respect untrue, hence we find no merit in this ground.

## Motions for Directed Verdict.

At the close of the plaintiff's evidence the defendant moved the court to direct the jury to return a verdict for it, which was overruled, and at the close of all the evidence this motion was renewed with a like result. The defendant complains of that. The defendant also complains of the evidence as being insufficient to sustain the verdict. We shall discuss these together.

Dr. Siler testified he treated Terry in 1930 and 1931 for a heart lesion and for articular rheumatism, which affected his knees, feet, ankles, arms, and wrists more than any other portion of his body with the exception of his heart and that the heart trouble is due to rheumatism. Terry also had some oedema in his legs at times, caused by the condition of his heart. Terry fell on the street (the exact time is not given) and had to be carried home. Dr. Siler attended him then and now testifies that fall was due to his heart; that his heart has not recovered; that in his opinion it will not recover; and that Terry is totally disabled and that his condition is growing worse.

Dr. Cox had known Terry for ten or twelve years, had treated him, and this is copied from his testimony:

"He has chronic arthritis, inflammation of the throat and tonsils. He has otitis, media, inflammation of the middle of the ear, renders him almost deaf, about 22/100 deafness. He has chronic arthritis, what you call articular rheumatism, inflammation of the joints. Practically all of his joints, more marked in his wrists and ankle joints and also in his knees, shoulders and elbows. He has swelling of ankle joints and wrist joints and he has crepitation in all of his joints. In other words when he moves them you can hear them pop. That is called crepitation. He has a very fast heart. While sitting it is about ninety and with a small amount of exercise it will run about one hundred and thirty to forty. He has some mitroregurgitation, leaking of the heart. He has endocarditis, inflammation of the lining of the heart and complains of pains around the chest which together with this fast pulse would indicate a pericarditis, that is inflammation of the heart; inflammation

around the heart, the muscles of the heart and other muscles around the heart. * * * I have never seen a person that had as much involvement from rheumatism as he has had and under those circumstances was able then or ever after that to do that kind of work."

Dr. Cox testified **Terry** should have his tonsils removed, but added:

"I have had my tonsils removed and I have rheumatism. Had them removed and still have it."

The defendant offered no medical evidence, but relied on the fact that Terry had done some work after that, and on January 23, 1933, had written to the president of the Louisville & Nashville Railroad Company a letter asking to be re-employed in which he said:

"I am ready to go to work at any time * * * I can do this work as boiler maker for the company. * * * I want my job in preference to anything else."

The defendant argues that the testimony of the doctors as to Mr. Terry's disability to work is entirely overcome by the fact that he did do some work without disastrous results and offered in this letter, if permitted to do so, to return to work. Those were matters to be considered by the jury and doubtlessly were quite forcibly presented in argument, but they failed to convince the jury. We are unable to see, however, that they were so weighty as to require the direction of a verdict for the defendant or to justify a conclusion that this verdict is flagrantly against the evidence. See what we said in Ætna Life Ins. Co. v. Gullett, 262 Ky. 1, 89 S. W. (2d) 1, relative to Gen. Grant and the circumstances under which he worked.

### Conduct of Counsel.

Mr. Owens in his closing argument for Terry said: "I admire this young man's spunk. If my babes were hungry and my babes were running around in the snow. * * *"

The defendant objected and Mr. Owens withdrew his remark. The defendant moved the court to discharge the jury, the court overruled the motion and said to the jury:

"The statement made by the attorney for plaintiff, which he withdrew, in regard to his children and so on, you are not to consider it for any purpose because he withdrew it."

We are unable to see any importance in this. The remark quoted indicated the attorney had started into an improper field, but as a result of the objection he never got there. This could not have influenced the result.

Judgment affirmed. The whole court sitting.