**T. C. YOUNG CONSTRUCTION COMPANY, Appellant and Cross-Appellee,**

**v.**

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellee and Cross-Appellant.**

Court of Appeals of Kentucky.

May 23, 1969.

Lohren F. Martin, Martin, Scalf & Mitchell, Corbin, for appellant and cross-appellee.

Viley Blackburn, Smith & Blackburn, Somerset, for appellee and cross-appellant.

DAVIS, Commissioner.

This is a suit upon a contractor's performance bond. In the case we are confronted with a preliminary question of jurisdiction, and our view of that issue makes it unnecessary for us to pass upon

the merits of the controversy between the litigants.

T. C. Young Construction Company (Young) is a Kentucky corporation with its principal office in Whitley County. Young had a contract for construction of a watershed project at Oneida, Tennessee. Young executed a subcontract with Thomas Daugherty Excavating Company (Daugherty) for performance of a portion of that contract at the agreed price of $36,364.90. Incident to the contract, Daugherty executed and delivered to Young a performance bond. Appellee and cross-appellant, Hartford Accident & Indemnity Company, subscribed the bond as surety. The contract between Young and Daugherty as well as the performance bond were executed in Tennessee, and, as noted, the construction work covered by these documents was to be performed in Tennessee. Daugherty has its office in Tennessee, and Hartford is a Connecticut corporation and has no agent or office in Whitley County.

The performance bond was in the usual terms of such instruments and, among other things, obligated the principal and surety to indemnify Young as obligee in the event of default on the part of Daugherty. The bond was silent as to any place for the payment by Daugherty or Hartford of any sum which might become due to Young under its terms.

Young deemed Daugherty to have defaulted in its obligations under the construction contract and gave notice of that fact to Hartford and called upon it to fulfill its obligations under the bond. Before Hartford took any action, Young executed a contract to the Driggers Construction Company for the completion of the work required under the contract with Daugherty at a price of $72,631.18. When Daugherty and Hartford declined to pay Young for the difference between the contract price as agreed by Daugherty and that paid to Driggers, Young instituted this action in the Whitley Circuit Court, naming Hartford as the sole defendant.

Hartford promptly filed a motion to dismiss the suit on the ground that the Whitley Circuit Court had no jurisdiction over the subject matter presented or over the person of Hartford, because Hartford had no principal place of business in Whitley County and because there was no transaction in that county between Young and any agent of Hartford. An affidavit of Daugherty relating to the circumstances of the place of the execution of the performance bond and other pertinent matters was filed in support of the motion to dismiss. The trial court denied the motion to dismiss, and the case proceeded to trial upon its merits resulting in a verdict in favor of Young against Hartford for $6,000. Young prosecuted this appeal asserting entitlement to a total judgment of $33,888.34. Hartford cross-appealed contending that the Whitley Circuit Court should not have entertained the action against it.

KRS 452.445 and 452.450 govern the venue of actions against certain corporations. These sections formerly were contained in the Civil Code as Sections 71 and 72, respectively, and provide:

452.445—"Excepting the actions mentioned in sections KRS 452.400 to 452.420 both inclusive, and in KRS 452.440 and KRS 452.465, an action against an incorporated bank or insurance company may be brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place."

452.450—"Excepting the actions mentioned in KRS 452.400 to 452.420 both inclusive, and in KRS 452.430, 452.440, 452.-445, 452.455, 452.465 and 452.475, an action against a corporation which has an office or place of business in this state, or a chief officer or agent residing in this state, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, if it be upon a contract,

in the above-named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first-named county, or the county in which the tort is committed."

It has been held that these two sections are cumulative and are to be considered together. Bankers' National Life Insurance Co. v. Stone, 254 Ky. 682, 72 S.W.2d 49. Hartford relies on Life Insurance Company of Virginia v. Edmonds, 247 Ky. 138, 56 S.W.2d 689, and Bankers' National Life Insurance Co. v. Stone, 254 Ky. 682, 72 S.W.2d 49, in support of its contention that the Whitley Circuit Court lacked jurisdiction in the present litigation. Young points to certain distinguishing features between those cases and this one and places its reliance in Insurance Company of North America v. Hopper, 253 Ky. 402, 69 S.W.2d 728; Ocean Accident & Guarantee Corporation v. Milford Bank, 236 Ky. 457, 33 S.W.2d 312; and Torrent Lodge No. 711, F. & A. M. v. National Surety Company, 231 Ky. 302, 21 S.W.2d 439. The authorities cited in behalf of Young recognize that an action may be prosecuted against an insurance corporation on a contract in the county where the contract is to be performed. These decisions comport with the express language of KRS 452.450. The critical question is whether the contract upon which this suit is based may be said to provide for performance in Whitley County.

■ As noted, the bond contained no specific declaration as to where it would be performed. The principal of the bond resided in Tennessee; the work was to be performed in Tennessee; the construction contract and the bond itself were executed in Tennessee; and the bond afforded the surety the right to proceed with the work in lieu of the principal, which would have necessitated performance in Tennessee. We regard as sound and applicable to the issues at hand statements found in texts cited by Hartford including 11 C.J.S. Bonds § 91, page 458, where it is written:

"However, where no place is mentioned, the general rule is that the obligation must be performed to the obligee in person; but this rule does not apply to the delivery of cumbersome articles, nor need the obligor follow the obligee out of the state in order to make a personal payment; readiness to pay within the state is sufficient."

And, in 40 Am.Jur., Payment, Section 18, page 724, it is written in part:

"The prevailing rule in the United States is that where a contract is made outside the state in which the promisor resides, and it does not, either by express terms or by fair inference, provide where the same is to be performed, it will be presumed that the parties intend that it shall be performed at the place where it is made. In other words, where a contract is made in a particular state, either with a person then a resident of that state who afterward removes therefrom, or with a nonresident of that state, it is the duty of the promisee to provide a place in the state where payments can be made, and it is not necessary for the debtor to go beyond the bounds of the state to make payments thereon."

■ It is our view that there is no "fair inference" that the bond was to be performed—i.e. paid—in Whitley County. This comports with the rationale of the "grouping of contacts" or "center of gravity" theory which continues to gain judicial acceptance in cases involving conflict of laws. See 16 Am.Jur.2d, Conflict of Laws, Section 42, pages 66, 67. We recognize that the matter before us does not present a true problem in the field of conflict of laws, but we are persuaded that the reasons which have impelled the "grouping of contacts" or "center of gravity" theory in conflict of laws are rational and practicable and induce acceptance in the issue at bar.

We need not consider whether the doctrine of "forum non conveniens" is appli-

cable, since Daugherty did not present that ground to the trial court, nor is it argued here. Cf. Carter v. Netherton, Ky., 302 S. W.2d 382, and 20 Am.Jur.2d, Courts, Sections 172–182, pages 511–519.

The judgment is reversed with directions to set aside the judgment in favor of appellant and to enter an order dismissing the complaint for lack of jurisdiction.

All concur.